*NONCONFIDENTIAL VERSION*

---

**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE**

---

Court No. 21-00532

**PAO TMK,**

*Plaintiff,*

**v.**

**UNITED STATES,**

*Defendant,*

and

**UNITED STATES STEEL CORPORATION,
AND VALLOUREC STAR, LP,**

*Defendant-Intervenors.*

---

**DEFENDANT UNITED STATES INTERNATIONAL TRADE
COMMISSION'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT
ON THE AGENCY RECORD**

---

MADELINE R. HEEREN
Attorney for Defendant
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC  20436
Telephone (202) 205-1529
Fax: (202) 205-3111

ANDREA C. CASSON
  Assistant General
  Counsel for Litigation
  (202) 205-3105

**DATED:  MAY 26, 2022**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................. v

GLOSSARY .................................................................................... ix

I.    STATEMENT PURSUANT TO RULE 56.2 ............................... 1

    A.    Administrative Determination Under Review ...................... 1

    B.    Question Presented and Summary of Argument .................. 2

        1.    Was the Commission's Methodology for Calculating Negligibility Supported by Substantial Evidence and in Accordance with Law? ............................................................... 2

II.   STATEMENT OF FACTS ...................................................... 5

III.  STANDARD OF REVIEW .................................................... 11

IV.   ARGUMENT ......................................................................... 14

    A.    Legal Framework for Negligibility ..................................... 15

    B.    The Commission's Methodology for Calculating Negligibility Was Reasonable and in Accordance with Law ..................................................................................... 17

        1.    The Commission Methodically and Reasonably Approached the Negligibility Analysis ....................... 17

        2.    The Commission's Negligibility Calculations are Consistent with the Best Available Information in the Record of these Investigations ............................ 21

            a.    The Commission Reasonably Calculated the Volume of SSLPP Imports from Russia ....... 23

            b.    The Commission Reasonably Calculated the Volume of SSLPP Imports from Mexico ....... 25

            c.    The Commission Reasonably Calculated the Volume of SSLPP Imports from Germany ............................................................. 26

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

## TABLE OF CONTENTS (cont'd)

d.   The Commission Reasonably Calculated the Volume of SSLPP Imports from Czechia, Korea, and Ukraine ............................. 30

e.   The Commission Reasonably Calculated the Volume of SSLPP Imports from All Other Sources (Including Argentina and Italy) ................................................................. 32

i.   The Commission Reasonably Measured Imports of SSLPP from All Other Sources using Adjusted Official Import Statistics ................. 32

ii.  The Commission did not Apply Disparate Treatment to Importer Questionnaires .................... 38

3.   The Court Should Reject Plaintiff's New Arguments that Were Not Raised During the Agency's Proceedings .................................... 39

a.   TMK Failed to Raise Arguments Based on the CNIF Data in a Timely Fashion .................. 40

b.   TMK's Citation to [          ] Imports Under a Different Antidumping Duty Order are Unavailing .......................................... 41

c.   TMK Failed to Exhaust Administrative Remedies Regarding the Importer Questionnaires from German and Mexican Importers, and In Any Event Its New Arguments are Unavailing .................................. 43

C.   The Commission Defined the Domestic Like Product and the Imports Corresponding with the Domestic Like Product in Accordance with Law .................................. 46

## <u>TABLE OF CONTENTS (cont'd)</u>

D.    The Commission Analyzed Whether Imports Reported in the Importer Questionnaire were Properly Categorized as SSLPP or non-SSLPP in the Importer Questionnaires and Reasonably Determined to Not Reclassify Imports ................................................................. 50

**V.    CONCLUSION** ...............................................................................**54**

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Al Tech Specialty Steel Corp. v. United States,*
  27 CIT 1791 (2003)........................................................................16, 51

*Algoma Steel Corp., Ltd. v. United States,*
  12 CIT 518, 688 F. Supp. 639 (1988), *aff'd*, 865 F.3d 240
  (Fed. Cir. 1989), *cert. denied*, 492 U.S. 919 (1989) ......................48, 49

*Arlanxeo USA LLC v. United States,*
  389 F. Supp. 3d 1330 (Ct. Int'l Trade 2019), *aff'd*,
  819 F. App'x 925 (Fed. Cir. 2020)........................................................16

*Chemours Co. FC, LLC v. United States,*
  492 F. Supp. 3d 1333 (Ct. Int'l Trade 2021) ......................................11

*Cleo, Inc. v. United States,*
  501 F.3d 1291 (Fed. Cir. 2007) ............................................................37

*Coal. of Gulf Shrimp Indus. v. United States,*
  71 F. Supp. 3d 1356 (Ct. Int'l Trade 2015) ..................................13, 14

*Consolo v. Fed. Mar. Comm'n,*
  383 U.S. 607 (1966)..............................................................................12

*Delverde, SrL v. United States,*
  21 CIT 1294, 989 F. Supp. 218 (1997)................................................16

*Goss Graphics Sys., Inc. v. United States,*
  22 CIT 983, 33 F. Supp. 2d 1082 (1998), *aff'd*,
  216 F.3d 1357 (Fed. Cir. 2000) .....................................................12, 13

*Hitachi Metals, Ltd. v. United States,*
  350 F. Supp. 3d 1325 (Ct. Int'l Trade 2018), *aff'd*,
  949 F.3d 710 (Fed. Cir. 2020) .......................................................37, 48

*Hynix Semiconductor, Inc. v. United States,*
  30 CIT 1208, 431 F. Supp. 2d 1302 (2006).........................................14

# TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)** **Page(s)**

*Int'l Imaging Materials, Inc. v. U.S. Int'l Trade Comm'n,*
  30 CIT 1181 (2006) .................................................................. 14

*Int'l Indus., Ltd. v. United States,*
  311 F. Supp. 3d 1325 (Ct. Int'l Trade 2018) ................................ 12, 13

*ITG Voma Corp. v. U.S. Int'l Trade Comm'n,*
  253 F. Supp. 3d 1339 (Ct. Int'l Trade 2017), *aff'd,*
  753 F. App'x 913 (Fed. Cir. 2019) ........................................... 12

*Jeld-Wen, Inc. v. United States,*
  2022 WL 898782 (Ct. Int'l Trade Mar. 28, 2022) ........................... 41

*JMC Steel Grp. v. United States,*
  70 F. Supp. 3d 1309 (Ct. Int'l Trade 2015) ........................................ 14

*Navneet Publ'ns (India) Ltd. v. United States,*
  32 CIT 169 (2008) ........................................................... 16

*NEC Corp. et al. v. Dep't of Comm. & USITC,*
  22 CIT 1108, 36 F. Supp. 2d 380 (1988) ..................................... 15, 16

*Nevinnomysskiy Azot v. United States,*
  32 CIT 642, 565 F. Supp. 2d 1357 (2008) .................................... 12, 13

*Nippon Steel Corp. v. United States,*
  458 F.3d 1345 (Fed. Cir. 2006) ...................................... 12, 13

*Nucor Corp. v. United States,*
  34 CIT 70, 675 F.2d 1340 (2010) ........................................ 16

*Sandvik Steel Co. v. United States,*
  164 F.3d 596 (Fed. Cir. 1998) ............................................. 41

*Shandong TTCA Biochem. Co. v. United States,*
  35 CIT 545, 774 F. Supp. 2d 1317 (2011) ............................................ 14

## TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**                                                     **Page(s)**

*Siemens Energy, Inc. v. United States,*
    992 F. Supp. 2d 1315 (Ct. Int'l Trade 2014), *aff'd,*
    806 F.3d 1367 (Fed. Cir. 2015) ............................................................ 30

*U.S. Steel Grp. v. United States,*
    18 CIT 1190, 873 F. Supp. 673 (1994) ........................................... 37, 38

*U.S. Steel Grp. v. United States,*
    96 F.3d 1352 (Fed. Cir. 1996) ................................................. 12, 13, 14

*Universal Camera Corp. v. NLRB,*
    340 U.S. 474 (1951) ................................................................................ 12

*USEC, Inc. v. United States,*
    34 F. App'x 725 (Fed. Cir. 2002) ......................................................... 48

*Usinor, et al. v. United States,*
    28 CIT 1107, 342 F. Supp. 2d 1267 (2004) ......................................... 13

*Valeo N. Am. v. United States,*
    404 F. Supp 3d 1303 (Ct. Int'l Trade 2019), *aff'd,*
    823 F. App'x 937 (Fed. Cir. 2020) ................................................. 37, 50

*Whirlpool Corp. v. United States,*
    37 CIT 1775 (2013) ................................................................................ 14

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) .................................................................... 11

19 U.S.C. § 1671b(a)(1) ........................................................................ 7, 16

19 U.S.C. § 1673b(a)(1) ........................................................................ 7, 16

19 U.S.C. § 1677(7)(G)(i) ....................................................................... 7, 8

19 U.S.C. § 1677(7)(G)(ii)(II) .................................................................... 7

19 U.S.C. § 1677(24) .................................................................................. 7

## TABLE OF AUTHORITIES (cont'd)

**Statutes (cont'd)**                                                    **Page(s)**

19 U.S.C. § 1677(24)(A) ................................................................ 2, 48

19 U.S.C. § 1677(24)(A)(i) .......................................................... 15, 47

19 U.S.C. § 1677(24)(A)(ii) ............................................................... 15

19 U.S.C. § 1677(24)(C) ........................................................ 4, 16 45, 50

19 U.S.C. § 3512(d) ............................................................................ 15

28 U.S.C. § 2639(a)(1) ....................................................................... 11

**Regulations**

19 C.F.R. 207.20(b) ........................................................................... 51

19 C.F.R. 207.30 ................................................................................ 40

**USITC Publications**

*Aluminum Foil from China,*
   Inv. Nos. 701-TA-570 and 731-TA-1346 (Preliminary),
   USITC Pub. 4684 (May 2017) ................................................... 47

*Rubber Bands from China,*
   Inv. Nos. 701-TA-598 and 731-TA-1408 (Final),
   USITC Pub. 4863 (Feb. 2019) ................................................... 47

*Low-Enriched Uranium from France,*
   Inv. No. 731-TA-909 (Review),
   USITC Pub. 3967 (Dec. 2007) ................................................... 38

**Legislative Materials**

Statement of Administrative Action to the Uruguay Round
   Agreements Act,
   H.R. Doc. No. 103-316, vol. 1, 856 (1994) ...................... 15, 16, 45, 50

# GLOSSARY

| Term | Definition |
|---|---|
| all other sources | All countries with the exception of subject countries (*i.e.*, Czechia, Korea, Russia, and Ukraine) and two specific nonsubject countries (*i.e.*, Mexico and Germany) |
| CNIF | Customs Net Import File |
| Commerce | U.S. Department of Commerce |
| Commission | U.S. International Trade Commission (Defendant) |
| CVD | countervailing duties |
| EDIS | The Commission's electronic document information system |
| HTS | Harmonized Tariff Schedule |
| In-scope imports | imports that correspond with the scope definition |
| ITC | U.S. International Trade Commission (Defendant) |
| LTFV | less than fair value |
| Negligibility period | the 12-month period preceding the filing of the petition—July 2019 through June 2020 |
| Out-of-scope imports | Imports that do not correspond with the scope definition but entered under the HTS numbers identified by Commerce |
| POI | period of investigation—January 1, 2018 through December 30, 2020 |
| SAA | Statement of Administrative Action accompanying the Uruguay Round Agreements Act |

## **GLOSSARY**

| Term | Definition |
|------|-----------|
| SD SSLP from Germany | certain small diameter seamless carbon and alloy standard, line and pressure pipe from Germany (antidumping duty order on a different investigation) |
| SSLPP | seamless carbon and alloy steel standard, line and pressure pipe (subject product) |
| TMK | PAO TMK (Plaintiff) |
| TMKBr. | TMK's rule 56.2 brief |
| URAA | Uruguay Round Agreements Act |

Defendant U.S. International Trade Commission opposes the motion for judgment upon the agency record filed by Plaintiff PAO TMK, a foreign producer and exporter of seamless carbon and alloy steel standard, line and pressure pipe ("SSLPP") from Russia. The Commission's final determination and underlying negligibility findings are supported by substantial evidence and otherwise fully in accordance with law.

# I.    STATEMENT PURSUANT TO RULE 56.2

## A. Administrative Determination Under Review

Plaintiff seeks review of the Commission's final affirmative determination that a domestic industry is materially injured by reason of imports of SSLPP from Russia that are sold at less than fair value ("LTFV" or "dumped") and subsidized by the government of Russia. Specifically, plaintiff challenges the Commission's finding that the volume of subject imports from Russia exceeded the statutory negligibility threshold and thus, did not require termination of the investigation of imports from Russia, as TMK urged. Notice of the Commission's determinations was published at 86 Fed. Reg. 46,882 (Aug. 20, 2021). Appx2228. The Commission's Views for the determinations are contained in *Seamless Carbon and Alloy Steel*

*Standard, Line, and Pressure Pipe from Czech Republic (Czechia)*, Inv. No. 731-TA-1529 (Final), USITC Pub. No. 5183, at 17-25 (Apr. 2021), Appx1466-1518 (the "leading" investigation), and *Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Korea, Russia, and Ukraine*, Inv. Nos. 701-TA-654-655 and 731-TA-1530-1532 (Final), USITC Pub. No. 5222, at 5 (Aug. 2021), Appx2191 (the "trailing" investigation).[1]

### B. Question Presented and Summary of Argument

1. Was the Commission's Methodology for Calculating Negligibility Supported by Substantial Evidence and in Accordance with Law?

Yes. The Commission reasonably found that imports from Russia exceeded the statutory three percent threshold for negligibility. *See* 19 U.S.C. § 1677(24)(A). TMK does not challenge the Commission's

---

[1] The Commission issued separate publications for its final antidumping duty investigation of SSLPP imports from Czechia and its final antidumping and countervailing duty investigations of SSPLP from Korea, Russia, and Ukraine because the investigation schedules became staggered when the U.S. Department of Commerce ("Commerce") did not align its countervailing and antidumping duty investigations. *See* Appx2189 (Trailing Views at 3). The negligibility findings challenged by Plaintiff in this action were, for the most part, originally made in the antidumping investigation of SSLPP from Czechia and incorporated by reference into the trailing antidumping and countervailing duty investigations for Russia and other countries (*see* Appx2191-2192) (Trailing Views at 5-6, n.10). As such, most of the citations in this brief are to the Commission's Final Views in the leading investigation, found at Appx1466-1518.

calculation of the volume of SSLPP imports from Russia, but instead focuses on the Commission's methodology for determining the total volume of SSLPP imports for all countries that provides the denominator for the negligibility calculation. TMK argues that the Commission should have included additional imports in the denominator, therefore resulting in a lower proportionate share of imports from Russia.

In its negligibility analysis, the Commission must measure the volume of imports from all subject and nonsubject sources during the most recent 12-month period preceding the filing of the petition for which data are available. In this case, that period was the immediate 12 months prior to the filing of the petitions—July 2019 through June 2020 ("the negligibility period").

Given that there is no Harmonized Tariff Schedule ("HTS") category that perfectly overlays the scope of imports subject to these investigations, the Commission reasonably estimated import volumes of imports where necessary using the best available information. This approach was consistent with Congress' recognition that it may not be possible to determine negligibility with absolute precision, and that

"{i}n computing import volumes {for purposes of a negligibility

determination}, . . . the Commission may make reasonable estimates on

the basis of available statistics." 19 U.S.C. § 1677(24)(C). Because the

degree of completeness and accuracy of the questionnaire data provided

by cooperating importers regarding their imports of in-scope product

varied country-by-country, the Commission examined the data on a

country-by-country basis to determine what constituted the best

information available for each country.

The Commission evaluated official import statistics and

questionnaire responses pertaining to imports from each relevant

country, and determined the best information available for each source.

In instances where importers from a particular country did not report

any out-of-scope imports of SSLPP—Czechia, Korea, and Ukraine—the

Commission reasonably relied on unadjusted official import statistics to

measure SSLPP from those countries. Where a single large importer

accounted for most of the in-scope imports for a country, such as for

Russia, Mexico, and Germany, the Commission reasonably relied on

reported in-scope imports in the importer questionnaires. Where

imports in the importer questionnaires accounted for a low percentage

4

of total imports from a country and underestimated the volume of in-scope imports, such as they did for all other sources, the Commission reasonably relied on the official import statistics, but adjusted these data to subtract the volume of out-of-scope imports reported in the importer questionnaires.

Given the reasonableness of the Commission's methodology for calculating import volumes, the denominator it used to calculate the total volume of SSLPP imports was supported by substantial evidence. Therefore, the Commission's determination that imports from Russia – the unchallenged numerator – exceeded the three percent negligibility threshold was supported by substantial evidence and in accordance with law.

## II.   STATEMENT OF FACTS

In July 2020, domestic producer Vallourec filed antidumping and countervailing duty petitions on SSLPP from Czechia, Korea, Russia, and Ukraine. Appx2229-14850 (Petitions). In August 2020, the Commission made affirmative preliminary material injury determinations in all of the investigations. Appx32642-32682

(Preliminary Confidential Views). Commerce's investigations of dumping and subsidization followed. *See* 19 U.S.C. §§ 1671d, 1673d.

As a result of Commerce's staggering of its investigations (as noted *supra*, n.1), the Commission was required to first make a determination in the final antidumping duty investigation on SSLPP from Czechia. Appx1466-1467 (Leading Views at 3-4). In April 2021, the Commission determined that an industry in the United States was materially injured by reason of SSLPP from Czechia found by Commerce to be sold in the United States at LTFV. Appx1518 (Leading Views at 55).

The Commission defined a single domestic like product consisting of all SSLPP, coextensive with the scope of Commerce's investigations (Appx1473-1497 (Leading Views at 11)), and defined the domestic industry as all domestic producers of that domestic like product (Appx1479-1480 (Leading Views at 17)). No party asked for a different definition of the domestic like product or the domestic industry, nor does TMK contest either of those findings.

In reaching its injury determination, the Commission next needed to determine whether the statutory criteria were met so as to require a cumulative assessment of the volume and effects of imports from

6

Czechia with those from all countries as to which petitions were filed on the same day. 19 U.S.C. § 1677(7)(G)(i). In turn, this analysis first entailed assessing whether imports from Czechia were below the statutory negligibility threshold of three percent. *See* 19 U.S.C. § 1677(24). Specifically, if imports from a particular subject country are found to be negligible, the investigations concerning that country must be terminated, and those imports cannot be cumulated with the other subject imports. *See* 19 U.S.C. §§ 1671b(a)(1), 1673b(a)(1), 1677(7)(G)(ii)(II).

Although the initial negligibility determination in the leading investigation was limited to Czechia, this finding required the Commission make findings as to the volume of SSLPP imports from all subject and nonsubject sources in order to calculate the total volume of SSLPP imports during the negligibility period—which was used as the denominator of the negligibility calculation in the leading views, and then subsequently in the trailing views. Appx1483-1488 (Leading Views at 20-25); Appx2191 (Trailing Views at 5). In addition to imports from the subject countries, the Commission collected country specific import data for Mexico and Germany, the largest sources of nonsubject imports

7

during the period of investigation ("POI"),[2] and also collected import

data for other nonsubject sources under a single category, all other

sources. Appx1916 (Staff Report at II-7). Adding imports of SSLPP

imports from all countries to calculate the denominator, the

Commission determined that the volume of SSLPP imports from

Czechia (the numerator) were above the negligibility threshold.

Appx1488 (Leading Views at 25).

Additionally, the Commission found that the statutory criteria for

cumulation were met because the imports from all subject sources

competed with each other and with the domestic like product in the

U.S. market. Appx1488-1492 (Leading Views at 25-29); *see* 19

U.S.C. § 1677(7)(G)(i). Based on its cumulated analysis of subject

imports from Czechia, Korea, Russia, and Ukraine, the Commission

found that an industry in the United States was materially injured by

reason of subject imports from Czechia. Appx1492-1518 (Leading Views

at 29-55).

---

[2] The POI for the SSLPP investigations covered three full years, 2018-2020.

The trailing investigations were based on the same record, as supplemented by inclusion of Commerce's final trailing antidumping and countervailing duty determinations and the parties' final comments concerning those determinations. In its trailing views, the Commission relied on the data in table I-6 of the trailing staff report. Appx2191 (Trailing Views at 5) (citing Appx2134 (Trailing Staff Report at Table I-6)). This table reflects the same data calculations relied on and discussed in the leading views. The Commission also adopted the negligibility analysis and explanation from its leading views. Appx2191-2192 (Trailing Views at 5-6, n.10).

This meant that, in the trailing investigations, the Commission used the same denominator that it had calculated for the leading investigation. Specifically, the Commission calculated negligibility using official import statistics to measure SSLPP imports from Czechia, Korea, and Ukraine, in-scope imports reported in the importer questionnaires to measure SSLPP imports from Russia, Mexico, and Germany, and adjusted official import statistics that subtracted out-of-scope imports reported in the importer questionnaires to measure imports from all other sources. Appx2191 (Trailing Views at 5).

9

Consistent with the data and methodology used in the leading investigation to measure imports from each country, the Commission determined that imports from each of the subject countries in the trailing investigations (Korea, Russia, and Ukraine) were not less than three percent of total imports, and accordingly that none were negligible. Appx2191 (Trailing Views at 5).

As in the leading investigations, the Commission again determined to cumulate subject imports from all four subject countries for purposes of its material injury analysis. Appx1488-1492 (Leading Views at 25-29). As explained in the leading views, based on this cumulative assessment, the Commission found that a significant volume of lower-priced subject imports that entered the U.S. market from 2018 to 2020, took sales and market share from the domestic industry, and exerted downward pressure on the domestic industry's prices. Appx1508-1512 (Leading Views at 45-49). As a result, the domestic industry's output and revenues were lower than they would have been otherwise. Appx1516 (Leading Views at 53). Consequently, the domestic industry's production, shipments, and financial performance declined from 2018 to 2020, with the domestic industry sustaining operating and net losses in

2019 and 2020. Appx1516 (Leading Views at 53). The Commission also concluded that other causes could not explain the injury that it attributed to subject imports. Appx1516-1518 (Leading Views at 53-55). Hence, the Commission found that cumulated subject imports had a significant impact on the domestic industry, and accordingly, the Commission determined that the domestic industry was materially injured by reason of cumulated subject imports. Appx1518 (Leading Views at 55). TMK does not per se contest the Commission's findings concerning the analysis of the volume, price effects, and impact of the cumulated imports.

## III.   STANDARD OF REVIEW

Under the Tariff Act of 1930, this Court must uphold the Commission's determinations, findings, and conclusions unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i); *see also Chemours Co. FC, LLC v. United States*, 492 F. Supp. 3d 1333, 1335 (Ct. Int'l Trade 2021). The Commission's determinations are presumed to be correct and the burden is on the party challenging the determination to demonstrate otherwise. 28 U.S.C. § 2639(a)(1).

11

The Supreme Court has defined "substantial evidence" as being "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quotations omitted). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted); *ITG Voma Corp. v. U.S. Int'l Trade Comm'n*, 253 F. Supp. 3d 1339, 1347 (Ct. Int'l Trade 2017), *aff'd*, 753 F. App'x 913 (Fed. Cir. 2019).

Moreover, "{i}t is the Commission's task to evaluate the evidence it collects during its investigation," and "{c}ertain decisions, such as the weight to be assigned a particular piece of evidence, lie at the core of that evaluative process." *U.S. Steel Grp. v. United States*, 96 F.3d 1352, 1357 (Fed. Cir. 1996); *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1350 (Fed. Cir. 2006); *Int'l Indus., Ltd. v. United States*, 311 F. Supp. 3d 1325, 1333 (Ct. Int'l Trade 2018). In its role as trier of fact in injury investigations, "the Commission 'has the discretion to make

reasonable interpretations of the evidence and to determine the overall significance of any particular factor in its analysis.'" *Nevinnomysskiy Azot v. United States*, 32 CIT 642, 653, 565 F. Supp. 2d 1357, 1367-68 (2008) (quoting *Goss Graphics Sys., Inc. v. United States*, 22 CIT 983, 1004, 33 F. Supp. 2d 1082, 1100 (1998), *aff'd*, 216 F.3d 1357 (Fed. Cir. 2000)). As the fact finder, the "ITC is afforded considerable discretion in evaluating information obtained from questionnaires." *Int'l Indus.*, 311 F. Supp. 3d at 1333 (quotations omitted). As the Federal Circuit has stated, if "the totality of the evidence does not illuminate a black-and-white answer to a disputed issue, it is the role of the expert factfinder — here . . . the Presidentially-appointed, Senate-approved Commissioners — to decide which side's evidence to believe." *Nippon Steel*, 458 F.3d at 1359. "Congress has allocated to the Commission the task of making these complex determinations," the Federal Circuit has explained, and "{o}urs is only to review those decisions for reasonableness." *U.S. Steel Grp.*, 96 F.3d at 1357. In other words, the Court may not "reweigh the evidence or substitute its own judgment for that of the agency." *Usinor, et al. v. United States*, 28 CIT 1107, 1111, 342 F. Supp. 2d 1267, 1272 (2004); *Coal. of Gulf Shrimp Indus. v. United States*, 71 F. Supp. 3d

1356, 1361 (Ct. Int'l Trade 2015); *JMC Steel Grp. v. United States*, 70 F.
Supp. 3d 1309, 1315 (Ct. Int'l Trade 2015).

"When evaluating challenges to the ITC's choice of methodology,"
this Court "will affirm the chosen methodology as long as it is
reasonable." *JMC Steel Grp.*, 70 F. Supp. 3d at 1316 n.4 (citing
*Shandong TTCA Biochem. Co. v. United States*, 35 CIT 545, 556, 774 F.
Supp. 2d 1317, 1327 (2011)); *accord Hynix Semiconductor, Inc. v. United
States*, 30 CIT 1208, 1210, 1215, 431 F. Supp. 2d 1302, 1306, 1310–11
(2006); *Coal. of Gulf Shrimp Indus.*, 71 F. Supp. 3d at 1365 (citing *U.S.
Steel Grp.*, 96 F.3d at 1361-62); *see also Whirlpool Corp. v. United
States*, 37 CIT 1775, 1786 (2013) ("As long as the agency's methodology
and procedures are a reasonable means of effectuating the statutory
purpose . . . the court will not . . . question the agency's methodology.")
(quoting *Int'l Imaging Materials, Inc. v. U.S. Int'l Trade Comm'n,* 30
CIT 1181, 1189 (2006)).

## IV.   ARGUMENT

This Court should affirm the Commission's determination that
subject imports from Russia were not negligible. The Commission's
decision that subject imports from Russia exceeded the three percent

negligibility threshold—based on the available data in the record—is supported by substantial evidence and is otherwise in accordance with law.

## A. Legal Framework for Negligibility

The statute provides that imports from a subject country of merchandise corresponding to a domestic like product that account for less than three percent of all such merchandise imported into the United States during the most recent 12 months for which data are available preceding the filing of the petition shall be deemed negligible. 19 U.S.C. § 1677(24)(A)(i).[3] Congress recognized that the Commission "may not have access to either complete questionnaire data or official import statistics conforming exactly to the Commission's like product(s) designations," Statement of Administrative Action ("SAA") to the Uruguay Round Agreements Act ("URAA"), H.R. Doc. No. 103-316, vol. 1, 856 (1994), reprinted in 1994 U.S.C.C.A.N. 3773, 4188,[4] and explicitly

---

[3] The exception to this three percent negligibility standard, involving the aggregate volumes of imports from several countries with negligible imports, is not at issue in this case. *See* 19 U.S.C. § 1677(24)(A)(ii).

[4] The URAA provides that the SAA "shall be regarded as an authoritative expression by the United States concerning the interpretation and application of the Uruguay Round Agreements and {the URAA} in any judicial proceeding in which a question arises concerning such interpretation or application." 19 U.S.C. § 3512(d); *NEC Corp. et al. v. Dep't of Comm. & USITC*, 22 CIT 1108, 1123 n.8, 36 F. Supp. 2d

authorized the Commission to make "reasonable estimates on the basis of available statistics" of pertinent import levels for purposes of deciding negligibility. 19 U.S.C. § 1677(24)(C). A finding of negligibility terminates the Commission's investigation with respect to such imports. 19 U.S.C. §§ 1671b(a)(1), 1673b(a)(1).

This Court has recognized the discretion granted to the Commission in calculating negligibility. *See Arlanxeo USA LLC v. United States*, 389 F. Supp. 3d 1330, 1333 (Ct. Int'l Trade 2019), *aff'd*, 819 F. App'x 925 (Fed. Cir. 2020); *Nucor Corp. v. United States*, 34 CIT 70, 87, 675 F.2d 1340, 1356-57 (2010); *Navneet Publ'ns (India) Ltd. v. United States*, 32 CIT 169, 179 (2008); *Al Tech Specialty Steel Corp. v. United States*, 27 CIT 1791, 1805 (2003).

---

380, 392 n.8 (1988) (quoting SAA at 656); *see also Delverde, SrL v. United States*, 21 CIT 1294, 1307 n.18, 989 F. Supp. 218, 229-30 n.18 (1997) ("'{I}t is the expectation of the Congress that future Administrations will observe and apply the interpretations and commitments set out in this Statement.'") (quoting SAA at 656).

### B. The Commission's Methodology for Calculating Negligibility Was Reasonable and in Accordance with Law

#### 1. The Commission Methodically and Reasonably Approached the Negligibility Analysis

In these investigations, the Commission considered whether imports in any of the subject investigations were negligible for the 12-month period immediately prior to the filing of the petition (July 2019 through June 2020). Appx1483-1488 (Leading Views at 20-25); Appx2191 (Trailing Views at 5). The Commission measured the denominator for the negligibility calculation by totaling the volume of SSLPP imported from subject countries (*i.e.*, Czechia, Korea, Russia, and Ukraine) and nonsubject countries during the negligibility period. Appx1486-1488 (Leading Views at 23-25 & n.88). In addition to the import data for the subject countries, the Commission collected country specific data for Mexico and Germany, the largest sources of nonsubject imports during the POI, and also collected data for other nonsubject sources under a single category, all other sources. Appx1916 (Staff Report at II-7).

The Commission compiled official import statistics for the POI under the HTS numbers referenced in Commerce's scope, and also broke these statistics out for the negligibility period (July 2019-June 2020). *See*

17

Appx2134 (Trailing Staff Report at Table I-6).[5] The Commission also compiled the available Customs Net Import File ("CNIF") data. The CNIF data covered the period from January 1, 2017, through November 30, 2019. Appx52766-55345 (CNIF Data).[6]

In addition, the Commission collected questionnaire data from importers of SSLLP from all sources. The Commission issued questionnaires to those firms identified in the petition, along with firms that may have accounted for more than one percent of total imports under the HTS numbers. Appx45599 (Prehearing Staff Report at IV-1

---

[5] The Commission compiled the public official U.S. import statistics collected from the U.S. Census Bureau for the following HTS numbers: 7304.19.1020, 7304.19.1030, 7304.19.1045, 7304.19.1060, 7304.19.5020, 7304.19.5050, 7304.31.6050, 7304.39.0016, 7304.39.0020, 7304.39.0024, 7304.39.0028, 7304.39.0032, 7304.39.0036, 7304.39.0040, 7304.39.0044, 7304.39.0048, 7304.39.0052, 7304.39.0056, 7304.39.0062, 7304.39.0068, 7304.39.0072, 7304.51.5005, 7304.51.5060, 7304.59.6000, 7304.59.8010, 7304.59.8015, 7304.59.8020, 7304.59.8025, 7304.59.8030, 7304.59.8035, 7304.59.8040, 7304.59.8045, 7304.59.8050, 7304.59.8055, 7304.59.8060, 7304.59.8065, and 7304.59.8070. Appx2134. (Trailing Staff Report at I-6). Official import statistics are public data.

[6] CNIF data is proprietary Customs entry data that lists the importers of record for each entry, and is searchable by importer and time. The Commission collected CNIF data using the same HTS numbers used to collect official import statistics. Appx52766-55345 (CNIF Data). As noted, the CNIF data available to the Commission covered the period of January 1, 2017, through November 30, 2019; this coverage includes a majority of the 2018-2020 period of investigation and five months of the negligibility period.

18

n.1), Appx1275 (Staff Report at IV-1 n.1). In these questionnaires, the Commission asked importers to break out data on in-scope imports based on the scope definition and on out-of-scope imports for non-SSLLP merchandise they imported under any of the HTS numbers referenced in Commerce's scope. Appx33079-33129 (Blank Importer Questionnaire). The questionnaires also requested importers to identify the source country or countries for the reported imports. Particularly, in addition to import data specific to the four subject countries (Czechia, Korea, Russia, Ukraine), the Commission collected country specific import data for the two largest sources of nonsubject imports during the POI (Mexico and Germany). It also collected import data for other nonsubject sources under a single category, all other sources. Appx33079-33129 (Blank Importer Questionnaire); Appx1483, Appx1486-1488 (Leading Views at 20, 23-25).

The Commission received importer questionnaires from 17 firms, 14 of whom reported importation of in-scope SSLPP. Appx1483 (Leading Views at 20). In addition, seven importers reported out-of-scope imports entered under the HTS numbers. Appx1483 (Leading Views at 20 n.76).

The Commission evaluated questionnaire responses pertaining to imports from each relevant country, compared responses against official import data when possible to evaluate for accuracy, and determined the best information available for each source. For countries where importers did not report out-of-scope imports during the 12-month negligibility period, the Commission reasonably relied on the unadjusted official imports statistics to calculate the volume of imports from these sources (*i.e.*, Czechia, Korea, and Ukraine). Appx1487 (Leading Views at 24).

It was undisputed, however, that the HTS statistical reporting numbers included in the scope definition covered more than just SSLPP, and therefore non-SSLPP products entering under those HTS numbers should not be included in the SSLPP import data to the extent possible. Appx1487 (Leading Views at 24). So, for the remaining countries where importers reported out-of-scope imports during the negligibility period, the Commission evaluated these responses and used them to reasonably estimate the volume of SSLPP imports. Appx1486-1488 (Leading Views at 23-25). Where a single importer accounted for most of the in-scope imports for a country, the

Commission reasonably relied on reported in-scope imports in the importer questionnaires (*i.e.*, Russia, Mexico, and Germany). Appx1486-1488 (Leading Views at 23-25). Where importer questionnaires accounted for a low percentage of total imports and underestimate the volume of in-scope imports, such as they did for all other sources, the Commission reasonably relied on official import statistics, but adjusted these data to subtract the reported out-of-scope imports. Appx1487-1488 (Leading Views at 24-25).

> 2. The Commission's Negligibility Calculations are Consistent with the Best Available Information in the Record of these Investigations

The Commission's negligibility findings are based on substantial evidence. As detailed below, the best available facts in the record support the Commission's calculations.

BUSINESS PROPRIETARY INFORMATION
SUBJECT TO PROTECTIVE ORDER REDACTED

| Country | Out-of-Scope Imports Reported in Importer Questionnaires | Importer Questionnaire Coverage in CNIF Jan. 1, 2018 – Nov. 30, 2019 | Methodology |
|---|---|---|---|
| Russia | Yes | [█] % | In-Scope Imports in Importer Questionnaires |
| Mexico | Yes | [█] % | In-Scope Imports in Importer Questionnaires |
| Germany | Yes | [█] % | In-Scope Imports in Importer Questionnaires |
| Ukraine | No | [█] % | Unadjusted Official Import Statistics* |
| Czechia | No | [█] % | Unadjusted Official Import Statistics* |
| Korea | No | [█] % | Unadjusted Official Import Statistics* |
| All other sources | Yes | [█] % | Adjusted Official Import Statistics** |

* Official import statistics were *unadjusted* because out-of-scope imports were not reported in the questionnaires for these countries.

** Official import statistics were *adjusted* because out-of-scope imports that were reported in the importer questionnaires.

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

### a. The Commission Reasonably Calculated the Volume of SSLPP Imports from Russia[7]

Three [⬛⬛⬛⬛⬛] importers and one [⬛⬛⬛⬛⬛] importer, [⬛⬛⬛⬛⬛], reported out-of-scope imports from Russia under the HTS numbers, and one of which—[⬛⬛⬛⬛⬛]—also reported in-scope imports from Russia in their questionnaire responses. Appx33930 ([⬛⬛⬛⬛⬛]); Appx34130 ([⬛⬛⬛⬛⬛]); Appx34192 ([⬛⬛⬛⬛⬛]); Appx34063 ([⬛⬛⬛⬛⬛]); Appx2133-2134 (Trailing Staff Report at I-5—I-6). TMK argued that, because it was the only importer of in-scope imports from Russia, the Commission should use its in-scope imports for measuring SSLPP imports from Russia. Appx1486-1487 (Leading Views at 23-24).

Additionally, TMK submitted evidence indicating that official import statistics for Russia and Mexico were not accurate because Russian origin pipe was improperly classified as being imported from Mexico. Appx49309-49310 (TMK Posthearing Br. Ex. 1); Appx1486-1487

---

[7] The Commission's measurement of SSLPP imports from Russia comported with the approach advocated by TMK. Accordingly, TMK does not challenge the Commission's methodology for measuring imports from Russia.

23

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

(Leading Views at 23-24). In other words, TMK argued that official import statistics were overstated for Mexico and understated for Russia.

The Commission accepted TMK's assertions and declined to rely on official import statistics for the calculation of SSLPP imports from Russia. Appx1486-1487 (Leading Views at 23-24). This was consistent with the CNIF data, which showed that importers who responded to the importer questionnaires accounted for a large percentage of imports from Russia—[    ] percent of total imports from Russia under the HTS numbers from January 1, 2018, through November 30, 2019, Appx52766-55345 (CNIF Data). The in-scope data reported in the questionnaires served as the best available information, and the Commission reasonably relied on those data. Appx1486-1487 (Leading Views at 23-24.

As [          ] advocated, the Commission reasonably determined to use [                    ] in the importer questionnaire as the best available data for measuring imports of SSLPP from Russia, because it was the only known importer of SSLPP from Russia. Appx1486 (Leading Views at 23-24).

**BUSINESS PROPRIETARY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER REDACTED**

b. The Commission Reasonably Calculated the Volume of SSLPP Imports from Mexico

Notwithstanding TMK's protestations (TMKBr. at 14-18), the Commission's approach towards calculating the volume of SSLPP imports from Mexico was consistent with the approach used by the Commission, and that advocated by TMK, with respect to Russia. Just as the Commission found that in-scope imports reported by the predominant importer provided the best measurement of imports from Russia, the Commission also found the in-scope imports reported by the firm representing itself as the only importer of SSLPP from Mexico to constitute the best available data for measuring imports of SSLPP from that country. Appx1487 (Leading Views at 24 n.88).

Similar to TMK's role in the importation of in-scope SSLPP from Russia, [█████] was the only importer of in-scope SSLPP from Mexico by virtue of its affiliation with the only producer of in-scope SSLPP in Mexico. Appx1487 (Leading Views at 23 n.88). [█████] reported that it alone imports from that Mexican producer, and accordingly that its importer questionnaire response accounted for all in-scope SSLPP imports from Mexico. Appx1487 (Leading Views at n.88); Appx50891 (Tenaris' Posthearing Brief at 8). [█████] representations about [█

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

██████████████████████████████████ ] also were largely

consistent with CNIF data, which reflected that [ ██████ ] imports from

Mexico accounted for [ ████ ] percent of total imports from Mexico under

the HTS numbers from January 1, 2018, through November 30, 2019.

Appx52766-55345 (CNIF Data). Thus, the Commission reasonably

relied on the in-scope imports from Mexico reported in [ ██████ ]

importer questionnaire as the best available information for measuring

imports from Mexico. Appx1486-1487 (Leading Views at 23-24).

    c.  The Commission Reasonably Calculated the Volume
        of SSLPP Imports from Germany

According to the CNIF data, [ ██████ ] and [ ██████ ] were the

largest importers of merchandise from Germany under the relevant

HTS numbers. Specifically, CNIF data indicated that these firms

accounted for [ ████ ] percent of total imports from Germany under the

HTS numbers (which comprised both in- and out-of-scope imports) from

January 1, 2018, through November 30, 2019. In these firm's initial

importer questionnaire responses, each stated that it had not imported

out-of-scope imports under the HTS numbers from any source during

the period of investigation. Appx33427 ([ ██████ ] Initial Importer

Questionnaire at Q. II-3c); Appx33754 ([ ██████ ] Initial Importer

26

**BUSINESS PROPRIETARY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER REDACTED**

Questionnaire at Q. II-3c). [████████] did, however, report in-scope imports from Germany. Appx33754 ([████████] Initial Importer Questionnaire at Q. II-3b). Neither the Commission nor the parties observed any discrepancies with [████████] reporting of its in-scope imports. *See* Appx45599-45600 (Prehearing Staff Report at Table IV-1).

Subsequently, as is not uncommon in Commission investigations, [████████] and [████████] submitted revised importer questionnaires. In these revised questionnaires, they both reported some out-of-scope imports from Germany. Appx48627 ([████████] Revised Importer Questionnaire at Q. II-3c); Appx48498 ([████████] Revised Importer Questionnaire at Question Q. II-3c). The Commission, however, observed discrepancies with the actual volumes of newly reported out-of-scope imports and declined to rely on these numbers for measuring SSLPP imports from Germany. Appx1486 (Leading Views at 23). Specifically, the importer questionnaire revisions from [████████] and [████████], combined, reported a substantially greater total volume of in-scope product and out-of-scope product purportedly imported during the negligibility period than was reported in the official import statistics. Appx1486 (Leading Views at 23). Because of this discrepancy,

27

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

the Commission reasonably declined to rely on the revised

questionnaire data to calculate SSLPP import volumes from Germany.

Appx1486 (Leading Views at 23).

Contrary to TMK's argument (TMKBr. at 18-20), the Commission

thus explained why it relied on reported in-scope imports from

Germany reported in [████████] questionnaire, but did not rely on the

out-of-scope imports reported in either [████████] or [████████]

questionnaires. Appx1486 (Leading Views at 23). Based on the data

discrepancies created by the revised reported numbers of out-of-scope

merchandise, the Commission, reasonably and consistently for both

reporting importers, declined to rely on both [████████] and

[████████] reported out-of-scope products. Appx1486 (Leading Views at

23).

The Commission did not "split the difference" or "reject" one

questionnaire and "accept" another as alleged by TMK. TMKBr. at 19.

Rather, the Commission reasonably determined that the reported in-

scope imports would provide the most accurate data for measuring

imports from Germany. Appx1486 (Leading Views at 23). [████████]

was the only party that reported in-scope imports from Germany,

28

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

whereas [████████], as well as [████████], reported importation of out-of-scope merchandise from Germany. Appx48627 ([████████] Revised Importer Questionnaire at QQ. II-3b and II-3c); Appx48498 ([████████] Revised Importer Questionnaire at QQ. II-3b and II-3c). Because [████████] alone reported in-scope imports from Germany in its importer questionnaire and [████████] did not, the Commission reasonably relied on the in-scope imports in [████████] importer questionnaire for measuring SSLPP from Germany. Appx1486 (Leading Views at 23).

TMK also argues that the Commission failed to address the Datamyne bill of lading data or Section 232 scope exclusion request data. TMKBr. at 28-29, 35 n.4. The Commission acknowledged TMK's introduction of these documents as part of TMK's effort to demonstrate that certain imports from other importers were in-scope. Appx1482 (Leading Views at 19). As the Commission explained, however, it was not in a position to go beyond Commerce's scope guidance. Appx1484 (Leading Views at 21). Furthermore, the Commission took notice of the intensive efforts made by importers to properly distinguish in-scope from out-of-scope entries, and that these importers certified that their

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

responses were accurate and complete to the best of their knowledge.
Appx1485 (Leading Views at 22).

The Commission is presumed to have considered the full record, and the fact that it did not explicitly discuss each piece of evidence does not establish that it "ignored" such evidence. *See*, *e.g.*, *Siemens Energy, Inc. v. United States*, 992 F. Supp. 2d 1315, 1324 (Ct. Int'l Trade 2014) ("The Commission need not address every piece of evidence presented by the parties; absent a showing to the contrary, the court presumes that the Commission has considered all of the record evidence."), *aff'd*, 806 F.3d 1367 (Fed. Cir. 2015). And, in any event, the absence of specific discussion about the Datamyne bill of lading could not undermine the Commission's findings, since that documentation simply provides a short description of [█████████] imports and scope exclusion request documentation but does not provide any information about [█████████] imports. Appx49311-39313, Appx49357-49372 (TMK Posthearing Br. at Att. 2.1 & 3.1).

      d. The Commission Reasonably Calculated the Volume of SSLPP Imports from Czechia, Korea, and Ukraine

As discussed *supra*, because no out-of-scope imports were reported under the HTS numbers for Czechia, Korea, or Ukraine, the

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

Commission relied on unadjusted official import statistics for measuring imports of SSLPP from those countries. Appx1487 (Leading Views at 24).[8] TMK does not contest the Commission's calculation of the volumes of imports from Czechia or Korea. TMK does, however, challenge the calculation for Ukraine despite the consistency of the methodology with that used for Czechia and Korea. TMKBr. at 25-28.

As with the importer responses for merchandise from Czechia and Korea, no importers reported out-of-scope imports from Ukraine. Specifically, the Commission received one importer questionnaire, from [          ], that reported imports from Ukraine. [          ] did not report any out-of-scope imports from Ukraine. Appx1487 (Leading Views at 24). In a consistent manner with its approach to imports from Czechia and Korea, the Commission relied on the unadjusted official import statistics to calculate in-scope imports from Ukraine.

In addition, the Commission also noted that [          ] in-scope imports from Ukraine reported in its importer questionnaire response

---

[8] The leading views contain a typographical error, indicating that no importers reported in-scope or out-of-scope imports from Czechia or Korea (Appx1487 (Leading Views at 24)). The Commission correctly recognized elsewhere in the views that importers did report imports from Czechia and Korea. Appx1468 (Leading Views at 5).

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

substantially exceeded the volume reflected in official import statistics.

Appx1487 (Leading Views at 24 & n.90). That is, [ ▮▮▮▮▮ ] in-scope

imports accounted for [ ▮▮▮ ] percent of total imports from Ukraine

under the HTS numbers. Appx1487 (Leading Views at 24 & n.90). This

data discrepancy confirmed that [ ▮▮▮▮▮ ] questionnaire response

did not constitute the most accurate means to measure SSLPP imports

from Ukraine and that no importers reported out-of-scope imports from

Ukraine. Appx1487 (Leading Views at 24 & n.90). Rather, as with the

other countries for which no out-of-scope imports were reported, the

Commission determined that the unadjusted official import statistics

were the best available information for measuring SSLPP imports from

Ukraine. Appx1487 (Leading Views at 24).

> e. The Commission Reasonably Calculated the Volume
>    of SSLPP Imports from All Other Sources (Including
>    Argentina and Italy)
>
>    i.   The Commission Reasonably Measured Imports
>         of SSLPP from All Other Sources using Adjusted
>         Official Import Statistics

For imports from all other sources, a comparison of the volume of

imports reported in the importer questionnaires to CNIF data revealed

that the questionnaire coverage was low and that imports under the

HTS numbers for all other sources contained both in-scope and out-of-

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

scope merchandise. Appx52766-55345 (CNIF Data). Because several importer questionnaires reported out-of-scope imports from all other sources, the Commission needed to ensure that this merchandise was not included in the measure of SSLPP imports for all other sources. Accordingly, the Commission reasonably relied on official import statistics that were adjusted to deduct the reported out-of-scope imports as the best available information for measuring SSLPP imports from all other sources. Appx1487-1488 (Leading Views at 24-25).

TMK objects to the Commission's negligibility calculation of import data for Argentina and Italy on the claimed grounds that this calculation captured [          ] allegedly overestimated imports from all other sources. TMKBr. at 21-25. TMK's argument relies on the unsubstantiated premise that all of [          ] in-scope and out-of-scope imports reported under all other sources were from Argentina and Italy.[9]

---

[9] Furthermore, the basis for Plaintiff's calculations of purported total imports from Italy and Argentina is unclear. *See* TMKBr at 22, 23. Plaintiff cites to Appx2163, but that page is the first page of the Commission's Trailing Views and contains no reference to such data.

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

In the importer questionnaires, the Commission asked importers to report the volume of in-scope imports from all other sources and list the nonsubject country sources for these in-scope imports. Appx33106 (Blank Importer Questionnaire). The questionnaires did not ask the importer to list the nonsubject country sources for out-of-scope imports. Appx33109 (Blank Importer Questionnaire). The Commission sent draft final questionnaires to the interested parties for their comments. Appx32992, Appx33079-33129. No party, including TMK, expressed concerns that the questionnaires did not ask for a list of country sources for out-of-scope imports from all other sources. *See generally* Appx33132-33133 (Vallourec Questionnaire Comments); Appx33135-33138 (Interpipe's Questionnaire Comments).

[████] responded to the importer questionnaire and reported in-scope and out-of-scope imports from various countries, including from Mexico and all other sources. Although [████] in-scope imports from all other sources are identified as imports from Argentina and Italy, the questionnaire—like all of the other importer questionnaire responses—did not identify the specific Commission did not know the country sources for the out-of-scope imports from all other sources. Appx48582,

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

48585 ([          ] Importer Questionnaire). Based on this record

evidence, [          ] in-scope imports from Argentina and Italy ([          ]

short tons) alone do not exceed official import statistics for Argentina

and Italy during the negligibility period (29,782 short tons). *Compare*

Appx48562 ([          ] Importer Questionnaire) to Appx56430-56616

(Official Import Statistics). Additionally, [          ] in-scope and out-of-

scope imports from all other sources did not exceed official import

statistics for those countries that make up the all other sources

category. *Compare* Appx48562 ([          ] Importer Questionnaire) to

Appx56430-56616 (Official Import Statistics). Furthermore, information

on the record shows that [          ] imported from at least one other

nonsubject country, Romania, during the negligibility period of which

its imports are presumably out-of-scope product. Appx52766-55345

(CNIF Data); Appx48558 ([          ] Importer Questionnaire). Given

that [          ] importer questionnaire rightfully does not identify the

country of out-of-scope imports from all other sources, and there is

evidence on the record that [          ] imported products from [          ]

during the negligibly period, the Commission reasonably declined to

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

disregard the out-of-scope volumes reported by [　　　　]. Appx1488 (Leading Views at 25 n.92).

TMK points out that Commission was able to cross-check [　　　　　] import volume data for 2018, and argues that the Commission should have done the same for the negligibility period. TMKBr. at 23-24. TMK overlooks that the Commission did not have CNIF data for the full negligibility period that would have enabled it to even conduct the type of comparison it conducted for 2018. For 2018, Commission staff first cross referenced the full year 2018 CNIF data to determine which countries [　　　　] imported product from under the HTS numbers in that year, and only then was staff able to compare [　　　　] 2018 importer questionnaire data to the official import statistics for those identified countries. Appx1421 (Staff Report at D-18). Because CNIF data was not available for the entire negligibility period, the Commission could not conduct the first step of this type of analysis in order to compare [　　　　] reported imports to country specific statistics.

Finally, TMK alleges that the Commission should have applied facts available to [　　　　] importer questionnaire data. *See* TMKBr. at 24-

25, 34-38. The Commission *did* apply facts available, and indeed, based its findings for each and every country source on the best information available to ascertain the volume of in-scope imports from that country, with the context that the HTS numbers for some sources, but not others, contained substantial volumes of out-of-scope imports.

To the extent that TMK believes this Court should require the Commission to apply *adverse* facts available, there is no basis for that here. The Commission may use adverse facts available only if the Commission determines that the party has failed to cooperate by not acting to the best of its ability to comply with a request for information. *See Valeo N. Am., Inc. v. United States*, 404 F. Supp. 3d 1303, 1315 (Ct. Int'l Trade 2019), *aff'd*, 823 F. App'x 937 (Fed. Cir. 2020) (quoting 19 U.S.C. § 1677e(b)). The circumstances of other investigations concerning different products and different facts do not bear on the reasonableness of the Commission's factual assessment in this investigation. Indeed, it is well-established that each Commission determination is *sui generis*. *See*, *e.g.*, *Hitachi Metals, Ltd. v. United States*, 350 F. Supp. 3d 1325, 1334 (Ct. Int'l Trade 2018), *aff'd*, 949 F.3d 710 (Fed. Cir. 2020); *Cleo, Inc. v. United States*, 501 F.3d 1291, 1299 (Fed. Cir. 2007); *U.S. Steel*

37

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

*Grp. v. United States*, 18 CIT 1190, 1213, 873 F. Supp. 673, 695 (1994).

Moreover, the circumstances of the previous investigation cited by TMK are inapposite here. *See* TMKBr. at 24-25. While the sole importer in *Low-Enriched Uranium from France* continued to provide deficient data, Inv. No. 731-TA-909 (Review), USITC Pub. 3967, at I-3–I-4 n.4 (Dec. 2007), [ ] cooperated by providing responses to the questionnaires and follow-up questions from Commission Staff.

> ii.    The Commission did not Apply Disparate Treatment to Importer Questionnaires

The Commission did not apply disparate treatment to the importer questionnaires, as TMK argues. TMKBr. at 25-28. Rather, the Commission applied consistent treatment to all importer questionnaires, including [ ], [ ], and [ ] importer questionnaires, by evaluating the reported data against other information in the record and declining to rely on certain data that was deemed inaccurate based on other record evidence. The Commission found that [ ] reported in-scope imports from Ukraine exceeded the volumes observed in official import statistics. Appx1487 (Leading Views at 24). For Germany, as discussed above, the out-of-scope imports reported in [ ] and [ ] importer

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

questionnaires had similar data discrepancies, with reported volumes that exceeded official import statistics. Appx1487 (Leading Views at 24). For both Ukraine and Germany, the Commission consistently declined to rely on questionnaire reporting that exceeded the official import statistics.

Conversely, as noted above, [ ██████ ] reported in-scope and out-of-scope imports from all other sources appeared to be consistent with official import statistics. Appx1487 (Leading Views at 24 n.92). Therefore, the Commission reasonably rejected TMK's request to disregard the out-of-scope imports reported in [ █████ ] questionnaire. Appx1488 (Leading Views at 25 at n.92). Given that the Commission could not verify TMK's claim of inaccuracies in [ █████ ] questionnaire, the Commission's use of the data reported in that importer questionnaire to measure imports for all other sources was reasonable.

### 3. The Court Should Reject Plaintiff's New Arguments that Were Not Raised During the Agency's Proceedings

In this appeal, TMK raises several arguments that it did not make to the Commission. These new arguments are largely based on the CNIF data and exhibits that Plaintiff created from these data for the purposes of this litigation. As discussed below, each of these arguments should be

rejected for failure to exhaust administrative remedies. Furthermore, even on their face, none of these arguments withstand scrutiny.

> ### a. TMK Failed to Raise Arguments Based on the CNIF Data in a Timely Fashion

TMK mistakenly argues that the Commission failed to release the CNIF data to the parties until after the period for briefing closed. TMKBr. at 30. The Commission placed the CNIF data on the record before the record closed on March 25, 2021, and released it to parties that same day. *See* Confidential Index of the Admin. Record, at 29 (ECF 24) (reference to List 2, Doc. 183); *see also* Attachment A (USITC Office of the Secretary Excel spreadsheet listing all releases of business proprietary documents to APO counsel). As provided in the Commission's Rules (19 C.F.R. 207.30) and in the Commission's scheduling notice, all parties, including TMK, had the opportunity to review the data and address it in their final comments that were due March 29, 2021. Appx1209 (Scheduling Notice). TMK filed final comments on March 29, 2021, but failed to comment on these data. Appx57294-57296, 57301-57302 (TMK Final Comments 3-5, 10-11).

TMK's efforts to now raise arguments based on the CNIF data are too late. *See, e.g.,* TMK Br. at 17-18, 29-30. Because TMK failed to make

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

these arguments to the Commission, TMK has waived any challenges concerning its interpretation of the CNIF data on appeal. *See*, *e.g.*, *Sandvik Steel Co. v. United States*, 164 F.3d 596, 599 (Fed. Cir. 1998) (noting the "general rule" that "no one is entitled to judicial relief for a{n} . . . injury until the prescribed administrative remedy has been exhausted" and that "courts should not topple over administrative decisions" for error unless the administrative body "has erred against objection made at the time appropriate under its practice") (internal quotations omitted); *Jeld-Wen, Inc. v. United States*, No. 21-00114, 2022 WL 898782, at *8 (Ct. Int'l Trade Mar. 28, 2022).

For the same reason, the Court should disregard TMK's newly-created exhibits to its Rule 56.2 brief. These tables and the arguments TMK now makes based on its interpretation of the CNIF data were not presented to the Commission. Moreover, as discussed below, TMK's arguments related to the CNIF data fail.

      b. TMK's Citation to [███████] Imports Under a
          Different Antidumping Duty Order are Unavailing

Citing to the CNIF data, TMK suggests that [███████] was not truthful in its importer questionnaire and failed to report in-scope merchandise that it imported from Germany during the negligibility

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

period. TMKBr. at 30. In particular, TMK cites to [███████]
importation and payment of duties under a different antidumping duty
order on a different product—certain small diameter seamless carbon
and alloy standard, line and pressure pipe ("SD SSLP")—from
Germany. TMKBr. at 29-30. According to TMK, the scope of *SD SSLP
from Germany* is allegedly inclusive of products within the scope of the
instant SSLPP investigations. TMKBr. at 29-30.

  As an initial matter, neither TMK nor any other party argued that
[███████] imported products that were subject to the order on *SD SSLP
from Germany*, let alone that these products fell within the scope of the
products described in the SSLPP investigations. As noted above, for this
reason alone, TMK's argument should be rejected on exhaustion
grounds.

  Moreover, TMK relies on CNIF data reflecting imports for the broad
HTS numbers, which without contest include both in-scope and out-of-
scope products. Russian importer TMK might believe the German-
originating SD SSLP are also SSLPP. TMK overlooks, however, that the
Commission, even with the CNIF data in hand (as TMK itself
emphasizes) concluded that it did "not have a reasonable basis on this

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

record for determining some of the products to be properly reported in the certified questionnaire responses as outside the scope but not others." Appx1485 (Leading Views at 22). In reaching this conclusion, the Commission reviewed the relevant information on the record, including data submitted in importer questionnaires and all other relevant evidence as well as the party arguments, including from TMK, and found no reasonable basis to reclassify [          ], or any other importer's out-of-scope imports as in-scope SSLPP. Appx1480-1488 (Leading Views at 17-25).

> c.  TMK Failed to Exhaust Administrative Remedies Regarding the Importer Questionnaires from German and Mexican Importers, and In Any Event Its New Arguments are Unavailing

TMK argues that the Commission failed to capture the volume of all SSLPP imports from Germany and Mexico because the only in-scope imports reported in importer questionnaires from these countries were from [          ] and [          ]. TMKBr. at 15-18. TMK had multiple opportunities during the investigations to challenge the Commission's decision to issue importer questionnaires to firms identified in the petition and firms that accounted for more than one percent of total imports under the HTS numbers. The prehearing staff report and final

staff report stated that "the Commission issued questionnaires to those firms identified in the petition, along with firms that . . . may have accounted for more than one percent of total imports under the HTS { } numbers . . . ." Appx45599 (Prehearing Staff Report at IV-1 n.1); Appx1275 (Staff Report at IV-1 n.1). In addition, Commission staff placed the Questionnaire Mailing List on the Commission's EDIS docket on February 3, 2021. *See* Confidential Index of the Administrative Record, ECF Doc. No. 24 at 17 (reference to List 2 Doc. 104). Yet, at no point in its prehearing brief filed on February 26, 2021, or its posthearing brief, filed on March 11, 2021, or at the Commission hearing held on March 4, 2021, did TMK request that importer questionnaires be issued to additional firms that may have imported SSLPP from Germany or Mexico. Appx47378 (TMK Prehearing Brief); Appx48848, Appx48854, Appx48866 (Hearing Transcript); Appx49293 (TMK Posthearing Brief). Because TMK failed to raise these issues during the investigations, TMK has waived any challenge on appeal concerning other German and Mexican importers that imported under the HTS numbers.

44

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

In any event, TMK's argument reflects yet another attempt to impose an infeasible requirement on the Commission. Here again, TMK overlooks the reality recognized by Congress:  that the "Commission may not have access to either complete questionnaire data or official import statistics conforming exactly to the Commission's like product(s) designations." SAA at 856. The propriety of making "reasonable estimates on the basis of available statistics" to calculate negligibility, 19 U.S.C. § 1677(24)(C), is particularly compelling where, as here, the HTS numbers are basket categories including complicated variations of in-scope and out-of-scope products, and evidence on the record indicates that use of the broad HTS statistics would grossly overreport imports of the in-scope product (*i.e.*, SSLPP).

Also based on its improperly-submitted exhibits to its brief, Plaintiff claims that [███████████████] imported a substantial volume of products from Mexico under TMK's purportedly "pure SSLPP" HTS numbers. TMKBr. at Ex. 4. TMK ignores that [███████████] parent company, [███████████] certified that [███████] did not import any in-scope products during the POI.

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

*See* TMKBr. at Exs. 2, 4; *see also* Appx45261 ([███████████])

Purchaser Questionnaire at QQ. I-3, II-1).

Nor is there evidence in the record that the other importers listed under the HTS numbers in the CNIF data imported in-scope products. Indeed, no purchaser questionnaire identified any of these other German or Mexican importers as one of their top five suppliers of SSLPP in 2020, which includes six months of the negligibility period. Appx44927-44928, Appx44955, Appx44981, Appx45007, Appx45040-45041, Appx45067-45068, Appx45099, Appx45129, Appx45155, Appx45182-45183, Appx45209-45210, Appx45236, Appx45262 (Purchaser Questionnaires at Q. II-4).

### C. The Commission Defined the Domestic Like Product and the Imports Corresponding with the Domestic Like Product in Accordance with Law

TMK incorrectly argues that "the Commission unlawfully declined to make the necessary determination as to what imports are to be considered as corresponding to a domestic like product." TMKBr. at 39.

The Commission explicitly "define{d} a single domestic like product of all SSLP pipe, corresponding with the scope." Appx1474 (Leading Views at 11). In accordance with the statute, the Commission must calculate

negligibility using "{i}mports from a country of merchandise corresponding to a domestic like product identified by the Commission." 19 U.S.C. § 1677(24)(A)(i). In the negligibility analysis, the Commission explained, "{c}onsistent with our definition of the domestic like product, negligibility is calculated using imports from subject and nonsubject sources that correspond to Commerce's scope of investigations." Appx1484 (Leading Views at 21).

In other words, the Commission used the domestic like product definition, which it had already determined as corresponding to Commerce's scope, to define imports for purposes of calculating negligibility. Not only was this approach reasonable, but it is also consistent with how the Commission has defined the imports corresponding with the domestic like product for purposes of calculating negligibility in other investigations. *See*, *e.g.*, *Aluminum Foil from China*, Inv. Nos. 701-TA-570 and 731-TA-1346 (Preliminary), USITC Pub. 4684, at 15-16 (May 2017) (the Commission did not revisit negligibility in the final investigation); *Rubber Bands from China*, Inv. Nos. 701-TA-598 and 731-TA-1408 (Final), USITC Pub. 4863, at 10 (Feb. 2019).

TMK further claims that whether a product falls within the scope and whether a product corresponds with the domestic like product are two different questions. TMKBr. at 41. While that may be the case where the Commission does not define a domestic like product coextensive with the scope, in this case TMK's argument is circular. In accordance with the statute, the imports used to calculate negligibility correspond with the domestic like product identified by the Commission. 19 U.S.C. § 1677(24)(A). The Commission undertook separate analyses, respectively, to define the domestic like product and, later in its views, to address negligibility. Appx1474, 1484 (Leading Views at 11, 21). The Commission defined the domestic like product as coextensive with the scope; therefore, the definitions of the scope and of the domestic like product cover the same merchandize. But that does not change the fact that Commerce, and not the Commission, bears responsibility for defining the scope and what products fall within the scope. *See Hitachi Metals*, 350 F. Supp. 3d at 1338*; USEC, Inc. v. United States,* 34 F. App'x 725, 730 (Fed. Cir. 2002) ("The ITC may not modify the class or kind of imported merchandise examined by Commerce.")*; Algoma Steel Corp., Ltd. v. United States*, 12 CIT 518,

522-23, 688 F. Supp. 639, 644 (1988), *aff'd*, 865 F.3d 240 (Fed. Cir. 1989), *cert. denied*, 492 U.S. 919 (1989). Ultimately, the Commission met its statutory obligation when it defined the domestic like product as all SSLPP corresponding with the scope and when it stated the imports for calculating negligibility were consistent with its definition of the domestic like product. Appx1474, 1484 (Leading Views at 11, 21).

Even though the Commission had defined the domestic like product the same way in the preliminary investigations, at no point during the final investigations did TMK dispute the definition of the domestic like product, nor the definition of the imports corresponding to the domestic like product. On the contrary, TMK acknowledged in the final investigation that the definition of the imports used to calculate negligibility is the same as the definition of the domestic like product and Commerce's scope. Appx49300 (TMK Posthearing Br. at 8). In fact, TMK relied on the Commission's approach as support for its argument that ". . . {t}he scope (and corresponding like product) clearly does not exclude all mechanical tubing." Appx49300 (TMK Posthearing Br. at 8). Similarly, TMK referenced both the domestic like product and the scope

when making its argument about imports used for calculating

negligibility. Appx49300 (TMK Posthearing Br. at 8).

### D. The Commission Analyzed Whether Imports Reported in the Importer Questionnaire were Properly Categorized as SSLPP or non-SSLPP in the Importer Questionnaires and Reasonably Determined to Not Reclassify Imports

In addition to challenging the Commission's methodology, TMK

invites the Court to reweigh evidence that the Commission reasonably

considered. *See* TMKBr. at 31-38. TMK offers an alternative

interpretation of the same evidence considered by the Commission,

claiming that importers' designation of certain imports as non-SSLPP

was not supported by substantial evidence. *Id*. Aside from being an

impermissible invitation to reweigh the evidence that the Court should

reject, TMK's alternative interpretation of the evidence is unpersuasive.

*Valeo*, 404 F. Supp. 3d at 1303, *aff'd*, 823 F. App'x at 937.

As discussed above, the Commission has broad authority to use

information gathered through questionnaires or statistical information,

or to make reasonable estimates on the basis of available statistics in

performing the negligibility calculation. *See, e.g.*, 19 U.S.C.

§ 1677(24)(C); SAA at 856. The Court has also observed "that the

credibility of sources is largely a matter within the province of the Commission, as the trier of fact. *Al Tech*, 27 CIT at 1802.

The Commission fully considered the question of which available data to use to make reasonable estimates of import levels for purposes of deciding negligibility. In its preliminary views, the Commission specifically invited parties to provide input as to the methodologies the Commission should use to calculate negligibility in the final phase of the investigations, including adjustments to official import statistics for exclusion of out-of-scope products. Appx32656 (Preliminary Confidential Views at 17 n.60). Although, as provided in the Commission's rules (19 C.F.R. 207.20(b)), the Commission sent draft final questionnaires to the interested parties for their comments, neither TMK nor any other party expressed concerns with the definitions of in-scope and out-of-scope pipe that were to be used to report import volumes in the importer questionnaire.[10] Absent any basis to alter these definitions, the Commission used the same language as it used in the preliminary

---

[10] TMK did not comment on the draft questionnaires. Vallourec and Interpipe were the only parties that submitted comments on draft questionnaires. *See generally* Appx33132-33133 (Vallourec Questionnaire Comments); Appx33135-33138 (Interpipe's Questionnaire Comments).

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

investigation to ask importers to distinguish between in-scope and out-of-scope import data. Appx33080, 33088 (Blank Importer Questionnaire).

After receiving the responses to the importer questionnaires, the Commission sought additional clarification and information from parties, including but not limited to [████], [████████], [██████], and [██████] regarding the reported out-of-scope import products. Parties provided brochures, pages from their websites, the outer diameters of products, a list of HTS numbers under which each party imported, and other explanations as to why products were excluded from the scope. *See, e.g.*, Appx52187-52220 ([██████] Product Information); Appx52718-52727 ([██████] Communication); Appx52184-52186 ([██████] Communication); Appx52110-52114 ([██████] Correspondence); Appx48704-48705 ([████] Follow Up). Additionally, all importers were required to "certify that the information {t}herein supplied in response to {the} questionnaire is complete and correct to the best of {their} knowledge." Appx1485 (Leading Views at 22) (quoting blank importer questionnaire certification).

*BUSINESS PROPRIETARY INFORMATION*
*SUBJECT TO PROTECTIVE ORDER REDACTED*

Based on the uncontested domestic like product definition that corresponded with the scope and the record evidence, the Commission analyzed the HTS codes, the product standards, the descriptions, and any additional information. Appx1485 (Leading Views at 22), Appx1462-1465 (Supplemental Memo at Table IV-8-ALT). The Commission did not find that any out-of-scope imports were improperly classified. Appx1462-1465 (Supplemental Memo at Table IV-8-ALT). [████], along with [████████], [████], [████████], [████████], and [████████] all reported out-of-scope products produced to certain standards that did not appear to be in-scope based on the scope language. Appx1462-1465 (Supplemental Memo at Table IV-8-ALT). In fact, the Commission accepted TMK's own labeling of certain of its products as out-of-scope. Specifically, TMK reported imports of mechanical tubing under ASTM A-519 as out-of-scope products, and the Commission accepted this reporting as accurate. Appx1481 (Leading Views at 18 n.66). Likewise, other importers certified that certain imported merchandise was out-of-scope, including imports of mechanical tubing under ASTM A-519, and the Commission declined to reclassify these out-of-scope imports as in-scope. For these reasons, the

Commission reasonably concluded that there was "not a reasonable basis on this record for determining some of the products to be properly reported in these certified questionnaire responses as outside the scope but not others." Appx1485 (Leading Views at 22).

## V.    CONCLUSION

For the foregoing reasons, we respectfully request that the Court affirm the Commission's determination that subject imports from Russia exceeded the statutory negligibility threshold and therefore were not negligible.

Respectfully submitted,


*/s/ Andrea C. Casson*
Andrea C. Casson
Assistant General Counsel for
Litigation

*/s/ Madeline R. Heeren*
Madeline R. Heeren
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 708-1529
Facsimile: (202) 205-3111
Madeline.heeren@usitc.gov


*Attorneys for Defendant United States*
*International Trade Commission*

Dated: May 26, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached **DEFENDANT UNITED STATES INTERNATIONAL TRADE COMMISSION'S NONCONFIDENTIAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD** contains 9,749 words, according to the word-count function of the word processing system used to prepare this brief (Microsoft Word 2010).

Dated: May 26, 2022          */s/ Madeline R. Heeren*

Madeline R. Heeren

Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 708-1529
Facsimile: (202) 205-3111
Madeline.heeren@usitc.gov

56

# Attachment A

USITC Office of the Secretary
Excel spreadsheet listing all releases
of business proprietary documents to APO counsel

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 720423 | 701-654 | Final | Pub | Questionnaire - Blank | Draft Questionnaires | Office of Investigations | Junie Joseph | USITC | 09/24/2020 2:48 PM | | No | E | 5 |
| 720885 | 701-654 | Final | Pub | Protective Order Request Amendment | ITC Amnd APO BB cover letter (PD) 10-1-20 | Vallourec Star, LP | Roger Schagrin | Schagrin Associates | 10/01/2020 3:02 PM | | No | E | 1 |
| 720956 | 701-654 | Final | Pub | Service List - APO | | Office of the Secretary | Lisa R. Barton | USITC | 10/02/2020 11:27 AM | | No | E | 1 |
| 723207 | 701-654 | Final | Pub | Questionnaire - Comments on Draft | Comments on Draft Questionnaires | Vallourec Star, LP | Roger B. Schagrin | Schagrin Associates | 10/26/2020 12:08 PM | | No | E | 1 |
| 723217 | 701-654 | Final | Pub | Questionnaire - Comments on Draft | SSLPP from Czechia, Korea, Russia, and Ukraine - Interpipe Comments on ITC Draft Questionnaires | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 10/26/2020 1:26 PM | | No | E | 1 |
| 728973 | 701-654 | Final | Pub | Notice | Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations | Office of the Secretary | Lisa R. Barton | USITC | 12/28/2020 11:48 AM | | No | E | 1 |
| 729046 | 701-654 | Final | Pri | Action Jacket | | Office of Investigations | Nannette Christ | USITC | 12/29/2020 9:44 AM | | No | E | 1 |
| 729047 | 701-654 | Final | Pub | Voting Sheet | | Office of the Secretary | Lisa R. Barton | USITC | 12/29/2020 9:46 AM | | No | E | 1 |
| 729186 | 701-654 | Final | Pri | Action Jacket | | Office of Investigations | Nannette Christ | USITC | 12/30/2020 12:41 PM | | No | E | 1 |
| 729187 | 701-654 | Final | Pub | Voting Sheet | | Office of the Secretary | Lisa R. Barton | USITC | 12/30/2020 12:43 PM | | No | E | 1 |
| 729228 | 701-654 | Final | Pub | Questionnaire - Blank | Questionnaire - Blank | Office of Investigations | Junie Joseph | USITC | 12/30/2020 4:09 PM | | No | E | 4 |
| 729231 | 701-654 | Final | Pub | Correspondence | Questionnaire Transmittal Letter | Office of Investigations | Junie Joseph | USITC | 12/30/2020 4:13 PM | | No | E | 1 |
| 729750 | 701-654 | Final | Pub | Notice | F.R. Notice of Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations | Office of the Secretary | Lisa R. Barton | USITC | 01/07/2021 10:31 AM | | No | E | 1 |
| 730149 | 701-654 | Final | Con | Questionnaire - Importer | | EMS European Metric Steel Corp. | Junie Joseph | USITC | 01/11/2021 11:53 AM | 02/03/2021 | Yes | E | 1 |
| 730451 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | ArcelorMittal Tubular Products | Junie Joseph | USITC | 01/13/2021 1:06 PM | 02/03/2021 | Yes | E | 1 |
| 730452 | 701-654 | Final | Con | Questionnaire - Importer | | Texas Pipe & Supply Co. | Junie Joseph | USITC | 01/13/2021 1:06 PM | 02/03/2021 | Yes | E | 1 |
| 731104 | 701-654 | Final | Con | Questionnaire - Importer | | PTC Alliance LLC | Junie Joseph | USITC | 01/19/2021 1:16 PM | 02/03/2021 | Yes | E | 1 |
| 731105 | 701-654 | Final | Con | Questionnaire - Importer | | Optima Steel International, LLC | Junie Joseph | USITC | 01/19/2021 1:17 PM | 02/03/2021 | Yes | E | 1 |
| 731342 | 701-654 | Final | Con | Questionnaire - Importer | | American Piping Products | Junie Joseph | USITC | 01/21/2021 12:58 PM | 02/03/2021 | Yes | E | 1 |
| 731482 | 701-654 | Final | Con | Questionnaire - Importer | | Benteler Steel and Tube Corporation | Junie Joseph | USITC | 01/22/2021 10:35 AM | 02/03/2021 | Yes | E | 1 |
| 731485 | 701-654 | Final | Con | Questionnaire - Importer | | Plymouth Tube Co. | Junie Joseph | USITC | 01/22/2021 10:35 AM | 02/03/2021 | Yes | E | 1 |
| 731486 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | Plymouth Tube Co. | Junie Joseph | USITC | 01/22/2021 10:36 AM | 02/03/2021 | Yes | E | 1 |
| 731581 | 701-654 | Final | Pub | Protective Order Request Amendment | APO Amendment | TMK Group | Daniel Cannistra | Crowell & Moring | 01/22/2021 4:39 PM | | No | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|--------|---------|-------|-----|----------|----------------|--------------------|----------|--------------------|--------------|--------------------------|---------|---|------------|
| 731679 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | ArcelorMittal Projects Europe BV | Junie Joseph | USITC | 01/25/2021 1:41 PM | 02/03/2021 | Yes | E | 1 |
| 731680 | 701-654 | Final | Con | Questionnaire - Importer | | Webco Industries | Junie Joseph | USITC | 01/25/2021 1:41 PM | 02/03/2021 | Yes | E | 1 |
| 731681 | 701-654 | Final | Con | Questionnaire - Importer | | ArcelorMittal International America, LLC | Junie Joseph | USITC | 01/25/2021 1:42 PM | 02/03/2021 | Yes | E | 1 |
| 731682 | 701-654 | Final | Con | Questionnaire - Importer | | ArcelorMittal Projects Americas LLC | Junie Joseph | USITC | 01/25/2021 1:42 PM | 02/03/2021 | Yes | E | 1 |
| 731683 | 701-654 | Final | Con | Questionnaire - Importer | | ArcelorMittal Projects Europe BV | Junie Joseph | USITC | 01/25/2021 1:43 PM | 02/03/2021 | Yes | E | 1 |
| 731684 | 701-654 | Final | Con | Questionnaire - Importer | | DistributionNOW (NOW, Inc.) | Junie Joseph | USITC | 01/25/2021 1:44 PM | 02/03/2021 | Yes | E | 1 |
| 731685 | 701-654 | Final | Con | Questionnaire - Importer | | Kelly Pipe Co., LLC | Junie Joseph | USITC | 01/25/2021 1:45 PM | 02/03/2021 | Yes | E | 1 |
| 731687 | 701-654 | Final | Con | Questionnaire - Importer | | Vallourec USA Corporation | Junie Joseph | USITC | 01/25/2021 1:45 PM | 02/03/2021 | Yes | E | 1 |
| 731688 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | Webco Industries | Junie Joseph | USITC | 01/25/2021 1:46 PM | 02/03/2021 | Yes | E | 1 |
| 731689 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | U. S. Steel Tubular Products | Junie Joseph | USITC | 01/25/2021 1:47 PM | 02/03/2021 | Yes | E | 1 |
| 731691 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | Vallourec STAR, LP | Junie Joseph | USITC | 01/25/2021 1:47 PM | 02/03/2021 | Yes | E | 1 |
| 731782 | 701-654 | Final | Con | Questionnaire - Importer | | TMK Industrial Solutions LLC | Junie Joseph | USITC | 01/25/2021 5:07 PM | 02/03/2021 | Yes | E | 1 |
| 731783 | 701-654 | Final | Con | Questionnaire - Importer | | TMK IPSCO International LLC | Junie Joseph | USITC | 01/25/2021 5:07 PM | 02/03/2021 | Yes | E | 1 |
| 731784 | 701-654 | Final | Con | Questionnaire - Importer | | TMK Overseas LLC | Junie Joseph | USITC | 01/25/2021 5:08 PM | 02/03/2021 | Yes | E | 1 |
| 731787 | 701-654 | Final | Con | Questionnaire - Importer | | TMK-Artrom SA | Junie Joseph | USITC | 01/25/2021 5:08 PM | 02/03/2021 | Yes | E | 1 |
| 732063 | 701-654 | Final | Con | Questionnaire - Importer | | OFS International LLC | Junie Joseph | USITC | 01/27/2021 12:33 PM | 02/03/2021 | Yes | E | 1 |
| 732124 | 701-654 | Final | Con | Questionnaire - Importer | | Seba Tubular Inc. | Junie Joseph | USITC | 01/27/2021 4:11 PM | 02/03/2021 | Yes | E | 1 |
| 732519 | 701-654 | Final | Pub | Research Material | Product Research Materials | Office of Industries | Gregory LaRocca | USITC | 02/01/2021 11:19 AM | | No | E | 12 |
| 732520 | 701-654 | Final | Pub | Research Material | Documents Related to Sections 232 and 301 | Office of Industries | Gregory LaRocca | USITC | 02/01/2021 11:21 AM | | No | E | 34 |
| 732521 | 701-654 | Final | Pub | Research Material | Recent Industry Events | Office of Industries | Gregory LaRocca | USITC | 02/01/2021 11:21 AM | | No | E | 13 |
| 732522 | 701-654 | Final | Pub | Research Material | Information on Third-Country AD/CVD Orders and Nonsubject Countries | Office of Industries | Gregory LaRocca | USITC | 02/01/2021 11:23 AM | | No | E | 14 |
| 732538 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | Liberty Ostrava, a.s. | Junie Joseph | USITC | 02/01/2021 12:56 PM | 02/03/2021 | Yes | E | 1 |
| 732539 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | PJSC Chelpipe and JSC PNTZ (collectively ChelPipe) | Junie Joseph | USITC | 02/01/2021 12:56 PM | 02/03/2021 | Yes | E | 1 |
| 732540 | 701-654 | Final | Con | Questionnaire - Importer | | North American Interpipe, Inc. | Junie Joseph | USITC | 02/01/2021 12:57 PM | 02/03/2021 | Yes | E | 1 |
| 732541 | 701-654 | Final | Con | Questionnaire - Importer | | Tenaris Global Services USA | Junie Joseph | USITC | 02/01/2021 12:57 PM | 02/03/2021 | Yes | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 732542 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | Benteler Steel/Tube Manufacturing Corp. | Junie Joseph | USITC | 02/01/2021 12:58 PM | 02/03/2021 | Yes | E | 1 |
| 732543 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | Tenaris USA | Junie Joseph | USITC | 02/01/2021 12:58 PM | 02/03/2021 | Yes | E | 1 |
| 732714 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | Trinecke Zelezarny, a.s. (Producer) /Moravia Steel a.s. (Exporter) | Junie Joseph | USITC | 02/02/2021 12:36 PM | 02/03/2021 | Yes | E | 1 |
| 732849 | 701-654 | Final | Con | Questionnaire - Mailing List | Questionnaire - Mailing List | Office of Investigations | Junie Joseph | USITC | 02/03/2021 11:28 AM | 02/03/2021 | Yes | E | 1 |
| 732865 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | The TMK Group (comprising AO Volzhsky Pipe Plant, PAO Taganrog Metallurgical Works, PAO Sinarsky Pipe Plant, AO Seversky Pipe Plant and PAO TMK as the management company) | Junie Joseph | USITC | 02/03/2021 1:25 PM | 02/03/2021 | Yes | E | 1 |
| 732887 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | Interpipe Ukraine LLC | Junie Joseph | USITC | 02/03/2021 3:35 PM | 02/11/2021 | Yes | E | 1 |
| 733140 | 701-654 | Final | Pub | Protective Order Request Amendment | Amended APO Application | Vallourec Star, LP | Roger Schagrin | Schagrin Associates | 02/05/2021 3:28 PM | | No | E | 1 |
| 733294 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Follow Up Questions and Revision to Part III | Benteler Steel/Tube Manufacturing Corp. | Zahra Bekkal | USITC | 02/08/2021 1:52 PM | 02/11/2021 | Yes | E | 2 |
| 733295 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Follow Up Questions to Part III-9  (2.4.21) | Vallourec STAR, LP | Zahra Bekkal | USITC | 02/08/2021 1:54 PM | 02/11/2021 | Yes | E | 1 |
| 733416 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Revision to Part IV (2.1.2021) | Vallourec STAR, LP | Tana von Kessler | USITC | 02/09/2021 2:46 PM | 02/11/2021 | Yes | E | 1 |
| 733418 | 701-654 | Final | Con | Questionnaire - Importer | Revision to Part III (2.3.2021) | ArcelorMittal Projects Americas LLC | Tana von Kessler | USITC | 02/09/2021 2:49 PM | 02/11/2021 | Yes | E | 1 |
| 733419 | 701-654 | Final | Con | Questionnaire - Importer | Revision to Part III (2.8.2021) | TMK Overseas LLC | Tana von Kessler | USITC | 02/09/2021 2:51 PM | 02/11/2021 | Yes | E | 1 |
| 733420 | 701-654 | Final | Con | Questionnaire - Importer | Follow-Up to Part III (2.1.2021) | ArcelorMittal International America, LLC | Tana von Kessler | USITC | 02/09/2021 2:53 PM | 02/11/2021 | Yes | E | 1 |
| 733421 | 701-654 | Final | Con | Questionnaire - Importer | Follow-Up to Part III (1.29.2021) | SEBA TUBULAR INC. | Tana von Kessler | USITC | 02/09/2021 2:55 PM | 02/11/2021 | Yes | E | 1 |
| 733434 | 701-654 | Final | Pub | Research Material | Countervailing Duty Information and Updated HTSUS Version | Office of Industries | Gregory LaRocca | USITC | 02/09/2021 3:59 PM | | No | E | 2 |
| 733785 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:42 PM | 02/11/2021 | Yes | E | 1 |
| 733786 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:44 PM | 02/11/2021 | Yes | E | 1 |
| 733787 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:45 PM | 02/11/2021 | Yes | E | 1 |
| 733788 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:46 PM | 02/11/2021 | Yes | E | 1 |
| 733789 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:46 PM | 02/11/2021 | Yes | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 733791 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:48 PM | 02/11/2021 | Yes | E | 1 |
| 733793 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:50 PM | 02/11/2021 | Yes | E | 1 |
| 733794 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:51 PM | 02/11/2021 | Yes | E | 1 |
| 733796 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:52 PM | 02/11/2021 | Yes | E | 1 |
| 733798 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:53 PM | 02/11/2021 | Yes | E | 1 |
| 733800 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:54 PM | 02/11/2021 | Yes | E | 1 |
| 733801 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:55 PM | 02/11/2021 | Yes | E | 1 |
| 733802 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:56 PM | 02/11/2021 | Yes | E | 1 |
| 733805 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:56 PM | 02/11/2021 | Yes | E | 1 |
| 733806 | 701-654 | Final | Con | Questionnaire - Purchaser | | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:58 PM | 02/11/2021 | Yes | E | 1 |
| 733807 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 12:59 PM | 02/11/2021 | Yes | E | 1 |
| 733808 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 1:00 PM | 02/11/2021 | Yes | E | 1 |
| 733809 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Lauren Gamache | USITC | 02/11/2021 1:00 PM | 02/11/2021 | Yes | E | 1 |
| 734016 | 701-654 | Final | Pub | Service List - APO | | Office of the Secretary | Lisa R. Barton | USITC | 02/12/2021 9:29 PM | | No | E | 1 |
| 734053 | 701-654 | Final | Con | Questionnaire - Importer | | TimkenSteel Corporation | Junie Joseph | USITC | 02/16/2021 9:30 AM | 02/17/2021 | Yes | E | 1 |
| 734055 | 701-654 | Final | Con | Questionnaire - U.S. Producer | | TimkenSteel Corporation | Junie Joseph | USITC | 02/16/2021 9:32 AM | 02/17/2021 | Yes | E | 1 |
| 734427 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Follow Up Question to Part III-9 | Tenaris USA | Zahra Bekkal | USITC | 02/18/2021 9:20 AM | 02/19/2021 | Yes | E | 1 |
| 734531 | 701-654 | Final | Pub | Protective Order Request Amendment | 701-654 - 2-18-21 Greg Hawkins APO Amendment - Public | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 02/18/2021 6:44 PM | | No | E | 1 |
| 734539 | 701-654 | Final | Pub | Service List - APO | | Office of the Secretary | Lisa R. Barton | USITC | 02/19/2021 9:15 AM | | No | E | 1 |
| 734542 | 701-654 | Final | Con | Questionnaire - Foreign Producer | | Valcovny Trub Chomutov a.s. | Junie Joseph | USITC | 02/19/2021 10:14 AM | 02/19/2021 | Yes | E | 1 |
| 734611 | 701-654 | Final | Con | Staff Report - Pre-Hearing | Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Czechia, Korea, Russia, and Ukraine (Prehearing Report) | Office of Investigations | Nannette Christ | USITC | 02/19/2021 3:08 PM | 02/19/2021 | Yes | E | 1 |
| 734659 | 701-654 | Final | Pub | Hearing/Confere nce Request to Appear/Witness List | Congressman Frank J. Mrvan Request to Appear | Congress of the United States | Frank J. Mrvan | Congress of the United States | 02/19/2021 4:57 PM | | No | E | 1 |
| 734691 | 701-654 | Final | Pub | Hearing/Confere nce Request to Appear/Witness List | Congressman Tim Ryan Request to Appear | Congress of the United States | Tim Ryan | Congress of the United States | 02/22/2021 8:01 AM | | No | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 734853 | 701-654 | Final | Pub | Staff Report - Pre-Hearing | Public Prehearing Report | Office of Investigations | Junie Joseph | USITC | 02/22/2021 4:59 PM | | No | E | 1 |
| 734879 | 701-654 | Final | Pub | Correspondence - USITC | Hearing Procedures for March 4, 2021 | Office of the Secretary | Lisa R. Barton | USITC | 02/23/2021 9:44 AM | | No | E | 1 |
| 734925 | 701-654 | Final | Con | Questionnaire - Importer | | Dixie Pipe Sales, Inc. | Tana von Kessler | USITC | 02/23/2021 2:31 PM | 02/24/2021 | Yes | E | 1 |
| 734927 | 701-654 | Final | Con | Questionnaire - Purchaser | Purchaser Response | Office of Economics | Tana von Kessler | USITC | 02/23/2021 2:33 PM | 02/24/2021 | Yes | E | 1 |
| 735014 | 701-654 | Final | Con | Questionnaire - Importer | | Tubular Synergy Group, LP | Junie Joseph | USITC | 02/24/2021 9:06 AM | 02/24/2021 | Yes | E | 1 |
| 735015 | 701-654 | Final | Con | Questionnaire - Importer | | SDB Trade International LP | Junie Joseph | USITC | 02/24/2021 9:07 AM | 02/24/2021 | Yes | E | 1 |
| 735016 | 701-654 | Final | Con | Correspondence | General Firm Outreach | Office of Investigations | Junie Joseph | USITC | 02/24/2021 9:09 AM | 02/24/2021 | Yes | E | 1 |
| 735017 | 701-654 | Final | Con | Correspondence | TimkenSteel Communication | Office of Investigations | Junie Joseph | USITC | 02/24/2021 9:11 AM | 02/24/2021 | Yes | E | 2 |
| 735018 | 701-654 | Final | Con | Questionnaire - Importer | Follow Up Questions and Revision to Part II | DistributionNow (Now, Inc.) | Junie Joseph | USITC | 02/24/2021 9:18 AM | 02/24/2021 | Yes | E | 2 |
| 735019 | 701-654 | Final | Con | Questionnaire - Importer | Follow Up Questions and Revision to Part II | Kelly Pipe Co., LLC | Junie Joseph | USITC | 02/24/2021 9:19 AM | 02/24/2021 | Yes | E | 2 |
| 735022 | 701-654 | Final | Con | Questionnaire - Importer | Follow Up Questions and Revision to Part II | American Piping Products | Junie Joseph | USITC | 02/24/2021 9:24 AM | 02/24/2021 | Yes | E | 2 |
| 735033 | 701-654 | Final | Pub | Hearing/Conference Request to Appear/Witness List | Request to Appear from UA | Ministry for Development of Economy, Trade and Agriculture of Ukraine | Oleg Zhyzhko | Ministry for Development of Economy, Trade and Agriculture of Ukraine | 02/24/2021 10:22 AM | | No | E | 1 |
| 735047 | 701-654 | Final | Con | Questionnaire - Importer | | Benteler Steel and Tube Corporation | Junie Joseph | USITC | 02/24/2021 11:53 AM | | No | E | 1 |
| 735053 | 701-654 | Final | Pub | Protective Order Request Amendment | Amended APO Application | Tenaris Bay City, Inc. and IPSCO Tubulars Inc. | Kristina Zissis | White and Case | 02/24/2021 12:07 PM | | No | E | 1 |
| 735184 | 701-654 | Final | Pub | Hearing/Conference Request to Appear/Witness List | Request to Appear at Hearing | United States Steel Corporation | Thomas Beline | Cassidy Levy Kent (USA) LLP | 02/25/2021 11:44 AM | | No | E | 1 |
| 735201 | 701-654 | Final | Pub | Hearing/Conference Request to Appear/Witness List | 701-654 - 2-25-21 Interpipe Request to Testify - Public | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 02/25/2021 12:36 PM | | No | E | 1 |
| 735214 | 701-654 | Final | Pub | Hearing/Conference Request to Appear/Witness List | TMK Request to Testify | TMK Group | Daniel Cannistra | Crowell & Moring | 02/25/2021 2:13 PM | | No | E | 1 |
| 735250 | 701-654 | Final | Pub | Hearing/Conference Request to Appear/Witness List | Request to Appear (PD) - 12-25-2021 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 02/25/2021 4:28 PM | | No | E | 1 |
| 735320 | 701-654 | Final | Pub | Brief - Pre-Hearing | Prehearing Brief | Ministry for Development of Economy, Trade and Agriculture of Ukraine | Oleg Zhyzhko | Ministry for Development of Economy, Trade and Agriculture of Ukraine | 02/26/2021 9:41 AM | | No | E | 2 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 735378 | 701-654 | Final | Con | Brief - Pre-Hearing | Prehearing Brief (Joint) | IPSCO Tubulars Inc., Tenaris Bay City, Inc., United States Steel Corporation, and Vallourec Star, LP, | Roger Schagrin | Schagrin Associates | 02/26/2021 4:05 PM | | No | E | 1 |
| 735381 | 701-654 | Final | Con | Brief - Pre-Hearing | Interpipe SSLPP Prehearing Brief - APO-ODL | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 02/26/2021 4:09 PM | | No | E | 7 |
| 735390 | 701-654 | Final | Con | Brief - Pre-Hearing | TMK Group Prehearing Brief | TMK Group | Daniel Cannistra | Crowell & Moring | 02/26/2021 4:26 PM | | No | E | 1 |
| 735492 | 701-654 | Final | Pub | Brief - Pre-Hearing | Prehearing Brief | IPSCO Tubulars Inc., Tenaris Bay City, Inc., United States Steel Corporation, and Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 03/01/2021 2:31 PM | | No | E | 1 |
| 735495 | 701-654 | Final | Con | Brief - Pre-Hearing | 701-654 - 3-1-21 Interpipe SSLPP Prehearing Brief Bracketing Changes - BPI | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/01/2021 2:35 PM | | No | E | 1 |
| 735496 | 701-654 | Final | Pub | Brief - Pre-Hearing | Interpipe SSLPP Prehearing Brief - Public | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/01/2021 2:43 PM | | No | E | 5 |
| 735504 | 701-654 | Final | Con | Brief - Pre-Hearing | BPI Change Pages TMK ITC Prehearing Brief | TMK Group | Daniel Cannistra | Crowell & Moring | 03/01/2021 3:12 PM | | No | E | 1 |
| 735506 | 701-654 | Final | Pub | Brief - Pre-Hearing | Public Version TMK Prehearing Brief | TMK Group | Daniel Cannistra | Crowell & Moring | 03/01/2021 3:16 PM | | No | E | 1 |
| 735544 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Revision to Parts II and III (03.01.2021) | TimkenSteel Corporation | Junie Joseph | USITC | 03/01/2021 4:37 PM | 03/03/2021 | Yes | E | 1 |
| 735733 | 701-654 | Final | Pub | Brief - Non-Party Statements and Other Briefs | Written Comments | United States Senate | Sherrod Brown | United States Senate | 03/02/2021 5:58 PM | | No | E | 1 |
| 735734 | 701-654 | Final | Pub | Brief - Non-Party Statements and Other Briefs | Written Comments | United States Senate | Rob Portman | United States Senate | 03/02/2021 6:00 PM | | No | E | 1 |
| 735741 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | Testimony of UA | Ministry for Development of Economy, Trade and Agriculture of Ukraine | Oleg Zhyzhko | Ministry for Development of Economy, Trade and Agriculture of Ukraine | 03/03/2021 7:22 AM | | No | E | 1 |
| 735742 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | Hearing Testimony for March 4, 2021 | U.S. House of Representatives | Tim Ryan | U.S. House of Representatives | 03/03/2021 7:33 AM | | No | E | 1 |
| 735753 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | United States Steel Corporation Witness Testimony | United States Steel Corporation | Thomas Beline | Cassidy Levy Kent (USA) LLP | 03/03/2021 9:19 AM | | No | E | 1 |
| 735762 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | SSLPP Vallourec Testimony Submission (PD) 3-3-21 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 03/03/2021 10:34 AM | | No | E | 1 |
| 735773 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | 701-654 - 3-3-21 Interpipe Witness Testimony - Public | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/03/2021 11:16 AM | | No | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 735774 | 701-654 | Final | Con | Questionnaire - Importer | Revision to Part II (02.24.2021) | Benteler Steel and Tube Corporation | Junie Joseph | USITC | 03/03/2021 11:18 AM | 03/03/2021 | Yes | E | 1 |
| 735775 | 701-654 | Final | Con | Questionnaire - Importer | Revision to Part II (02.24.2021) | Tenaris Global Services USA | Junie Joseph | USITC | 03/03/2021 11:19 AM | 03/03/2021 | Yes | E | 1 |
| 735776 | 701-654 | Final | Con | Questionnaire - Importer | Revision to Part II (02.24.2021) | Vallourec USA Corporation | Junie Joseph | USITC | 03/03/2021 11:19 AM | 03/03/2021 | Yes | E | 1 |
| 735781 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | TMK Witness Testimony and Slides | TMK Group | Daniel Cannistra | Crowell & Moring | 03/03/2021 11:35 AM | | No | E | 1 |
| 735796 | 701-654 | Final | Pub | Hearing/Conference Exhibits/Testimony | Hearing Testimony for March 4, 2021 | U.S. House of Representatives | Frank J. Mrvan | U.S. House of Representatives | 03/03/2021 12:26 PM | | No | E | 1 |
| 735818 | 701-654 | Final | Con | Correspondence | Importer Questionnaire Follow Up | Office of Investigations | Junie Joseph | USITC | 03/03/2021 1:13 PM | 03/03/2021 | Yes | E | 2 |
| 736026 | 701-654 | Final | Pub | Protective Order Request Amendment | Amended APO Application | Tenaris Bay City, Inc., IPSCO Tubulars Inc. | Kristina Zissis | White and Case | 03/05/2021 9:37 AM | | No | E | 1 |
| 736028 | 701-654 | Final | Pub | Service List - APO | | Office of the Secretary | Lisa R. Barton | USITC | 03/05/2021 9:53 AM | | No | E | 1 |
| 736030 | 701-654 | Final | Pub | Transcript | Commission Hearing (Pages 1-242) | Office of the Secretary | Lisa R. Barton | USITC | 03/05/2021 10:10 AM | | No | E | 1 |
| 736083 | 701-654 | Final | Con | Correspondence | TimkenSteel Communication | Office of Investigations | Junie Joseph | USITC | 03/05/2021 3:24 PM | 03/10/2021 | Yes | E | 2 |
| 736088 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Revisions to Parts II and III (03.05.21) | TimkenSteel Corporation | Junie Joseph | USITC | 03/05/2021 3:32 PM | 03/10/2021 | Yes | E | 1 |
| 736108 | 701-654 | Final | Con | Correspondence | OFS International Communication | Office of Investigations | Junie Joseph | USITC | 03/05/2021 4:01 PM | 03/10/2021 | Yes | E | 2 |
| 736488 | 701-654 | Final | Con | Questionnaire - U.S. Producer | Follow up Questions to Part III-9 | TimkenSteel Corporation | Zahra Bekkal | USITC | 03/10/2021 12:48 PM | 03/10/2021 | Yes | E | 3 |
| 736567 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | Post-Hearing Brief UA | Ministry for Development of Economy, Trade and Agriculture of Ukraine | Oleg Zhyzhko | Ministry for Development of Economy, Trade and Agriculture of Ukraine | 03/11/2021 5:48 AM | | No | E | 2 |
| 736685 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | BENTELER ITC SSLP Post-Hearing Brief | BENTELER Steel/Tube Manufacturing Corp and BENTELER Steel and Tube Corporation | Ting-Ting Kao | White and Case | 03/11/2021 3:26 PM | | No | E | 1 |
| 736695 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | Posthearing Brief on Behalf of United States Steel Corporation | United States Steel Corporation | Thomas Beline | Cassidy Levy Kent (USA) LLP | 03/11/2021 3:47 PM | | No | E | 1 |
| 736698 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | Posthearing Brief on Behalf of United States Steel Corporation | United States Steel Corporation | Thomas Beline | Cassidy Levy Kent (USA) LLP | 03/11/2021 3:52 PM | | No | E | 1 |
| 736704 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | BPI TMK Posthearing Brief | TMK Group | Daniel Cannistra | Crowell & Moring | 03/11/2021 4:13 PM | | No | E | 8 |
| 736706 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | PV TMK Posthearing Brief | TMK Group | Daniel Cannistra | Crowell & Moring | 03/11/2021 4:18 PM | | No | E | 4 |
| 736712 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | 701-654 - 3-11-21 Interpipe Posthearing Brief - APO-ODL | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/11/2021 4:27 PM | | No | E | 1 |
| 736731 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | Tenaris USA Posthearing Brief - Proprietary | Tenaris Bay City, Inc., and IPSCO Tubulars Inc. | Gregory Spak | White and Case | 03/11/2021 4:56 PM | | No | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 736734 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | SSLP Post Hearing Brief & Answers to Quest 3-11-21 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 03/11/2021 5:00 PM | | No | E | 4 |
| 736789 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | BENTELER ITC SSLP Post-Hearing Brief Public | BENTELER Steel/Tube Manufacturing Corp and BENTELER Steel and Tube Corporation | Ting-Ting Kao | White and Case | 03/12/2021 11:05 AM | | No | E | 1 |
| 736798 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | Tenaris USA Posthearing Brief - Public Version | Tenaris Bay City, Inc., and IPSCO Tubulars Inc. | Gregory Spak | White and Case | 03/12/2021 11:57 AM | | No | E | 1 |
| 736821 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | 701-654 - 3-12-21 Interpipe Posthearing Brief - Public | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/12/2021 1:43 PM | | No | E | 1 |
| 736867 | 701-654 | Final | Con | Brief - Post-Hearing/Conference | Vallourec Posthearing Rebrackecting Changes (BPI) 3-12-21 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 03/12/2021 3:57 PM | | No | E | 1 |
| 736869 | 701-654 | Final | Pub | Brief - Post-Hearing/Conference | Vallourec Posthearing Brief (PV) 3-12-21 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 03/12/2021 4:00 PM | | No | E | 1 |
| 737244 | 701-654 | Final | Con | Correspondence | TMK Overseas Communication | Office of Investigations | Junie Joseph | USITC | 03/17/2021 11:48 AM | 03/17/2021 | Yes | E | 3 |
| 737245 | 701-654 | Final | Con | Questionnaire - Importer | Revisions to Part II | Benteler Steel and Tube Corporation | Junie Joseph | USITC | 03/17/2021 11:51 AM | 03/17/2021 | Yes | E | 1 |
| 737246 | 701-654 | Final | Con | Correspondence | Benteler Communication | Office of Investigations | Junie Joseph | USITC | 03/17/2021 11:52 AM | 03/17/2021 | Yes | E | 2 |
| 737249 | 701-654 | Final | Con | Questionnaire - Importer | Revisions to Part II | Vallourec Star Corporation | Junie Joseph | USITC | 03/17/2021 11:54 AM | 03/17/2021 | Yes | E | 1 |
| 737250 | 701-654 | Final | Con | Correspondence | Vallourec Communication | Office of Investigations | Junie Joseph | USITC | 03/17/2021 11:55 AM | 03/17/2021 | Yes | E | 2 |
| 737251 | 701-654 | Final | Con | Correspondence | Benteler Communication | Office of Investigations | Junie Joseph | USITC | 03/17/2021 11:59 AM | 03/17/2021 | Yes | E | 2 |
| 737252 | 701-654 | Final | Con | Correspondence | Vallourec Communication | Office of Investigations | Junie Joseph | USITC | 03/17/2021 11:59 AM | 03/17/2021 | Yes | E | 1 |
| 737253 | 701-654 | Final | Pub | Research Material | Tenaris Non-SSLP Pipe Product Information | Office of Investigations | Junie Joseph | USITC | 03/17/2021 12:01 PM | | Yes | E | 2 |
| 737254 | 701-654 | Final | Pub | Research Material | Department of Commerce, Preliminary Scope Decision Memorandum | Office of Investigations | Junie Joseph | USITC | 03/17/2021 12:13 PM | | No | E | 1 |
| 737287 | 701-654 | Final | Pub | Correspondence | 701-654 - 3-17-21 Request for Leave WARN Act Notice - Public | Interpipe and North American Interpipe | Jared R. Wessel | Hogan Lovells US LLP | 03/17/2021 3:06 PM | | No | E | 1 |
| 737426 | 701-654 | Final | Pub | Research Material | Product Standards and Supplementary Information | Office of Industries | Gregory LaRocca | USITC | 03/18/2021 12:06 PM | | No | E | 33 |
| 737434 | 701-654 | Final | Con | Correspondence | Tenaris Communication | Office of Investigations | Junie Joseph | USITC | 03/18/2021 1:31 PM | 03/23/2021 | Yes | E | 1 |
| 737435 | 701-654 | Final | Con | Correspondence | Benteler Communication | Office of Investigations | Junie Joseph | USITC | 03/18/2021 1:32 PM | 03/23/2021 | Yes | E | 1 |
| 737501 | 701-654 | Final | Pub | Correspondence | SSLPP Request for Leave (PD) 3-19-21 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 03/19/2021 10:07 AM | | No | E | 1 |
| 737758 | 701-654 | Final | Con | Staff Report - Final and Preliminary | Staff Report | Office of Investigations | Nannette Christ | USITC | 03/23/2021 5:03 PM | 03/23/2021 | Yes | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 737783 | 701-654 | Final | Pub | Correspondence - USITC | Granting Requests to Submit Additional Information on the Record | Office of the Secretary | Lisa R. Barton | USITC | 03/24/2021 11:21 AM | | No | E | 2 |
| 737938 | 701-654 | Final | Con | Questionnaire - Mailing List | Purchaser Mailing List | Office of Economics | Tana von Kessler | USITC | 03/25/2021 9:59 AM | 03/25/2021 | Yes | E | 1 |
| 737939 | 701-654 | Final | Con | Correspondence | Economist Correspondence | Office of Economics | Tana von Kessler | USITC | 03/25/2021 10:01 AM | 03/25/2021 | Yes | E | 1 |
| 737944 | 701-654 | Final | Con | Work Sheet | Steel Raw Materials Data | Office of Economics | Tana von Kessler | USITC | 03/25/2021 10:41 AM | 03/25/2021 | Yes | E | 1 |
| 737946 | 701-654 | Final | Pub | Work Sheet | Economist Worksheets | Office of Economics | Tana von Kessler | USITC | 03/25/2021 10:46 AM | | No | E | 2 |
| 737953 | 701-654 | Final | Pub | Research Material | Benteler Steel Product Brochure | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:07 AM | | No | E | 1 |
| 737955 | 701-654 | Final | Con | Correspondence | Video Conference Call | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:08 AM | 03/25/2021 | Yes | E | 1 |
| 737956 | 701-654 | Final | Con | Correspondence | Tenaris Communication | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:14 AM | 03/25/2021 | Yes | E | 3 |
| 737957 | 701-654 | Final | Pub | Notice | FR Notices | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:20 AM | | No | E | 12 |
| 737959 | 701-654 | Final | Con | Import Statistics | Import Statistics (BPI) | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:49 AM | 03/25/2021 | Yes | E | 1 |
| 737963 | 701-654 | Final | Con | Other | Questionnaire Response Summaries and Company-by-Company Worksheets | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:52 AM | 03/25/2021 | Yes | E | 4 |
| 737965 | 701-654 | Final | Pub | Import Statistics | Official Import Statistics | Office of Investigations | Junie Joseph | USITC | 03/25/2021 11:54 AM | | No | E | 1 |
| 737979 | 701-654 | Final | Pub | Memorandum | Commerce Memorandum and Letters | Office of Investigations | Junie Joseph | USITC | 03/25/2021 1:39 PM | | No | E | 18 |
| 737986 | 701-654 | Final | Pub | Notice | FR Notices of Past Related Investigations | Office of Investigations | Junie Joseph | USITC | 03/25/2021 2:01 PM | | No | E | 7 |
| 737987 | 701-654 | Final | Pub | Questionnaire - Blank | Revised U.S. Producers' Questionnaire | Office of Investigations | Junie Joseph | USITC | 03/25/2021 2:13 PM | | No | E | 1 |
| 737988 | 701-654 | Final | Con | Correspondence | General Follow Up Communication | Office of Investigations | Junie Joseph | USITC | 03/25/2021 2:19 PM | 03/25/2021 | Yes | E | 2 |
| 738049 | 701-654 | Final | Pub | Staff Report - Final and Preliminary | Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Czechia, Korea, Russia, and Ukraine (Public Staff Report) | Office of Investigations | Nannette Christ | USITC | 03/25/2021 5:00 PM | | No | E | 1 |
| 738138 | 701-654 | Final | Pub | Brief - Final Comments | Final Comments of Ukraine | Ministry for Development of Economy, Trade and Agriculture of Ukraine | Oleg Zhyzhko | Ministry for Development of Economy, Trade and Agriculture of Ukraine | 03/29/2021 8:45 AM | | No | E | 2 |
| 738188 | 701-654 | Final | Con | Brief - Final Comments | United States Steel Corporation's Final Comments | United States Steel Corporation | Mary Jane Alves | Cassidy Levy Kent (USA) LLP | 03/29/2021 2:48 PM | | No | E | 1 |
| 738193 | 701-654 | Final | Con | Brief - Final Comments | Final Comments of Interpipe and North American Interpipe | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/29/2021 2:58 PM | | No | E | 1 |
| 738195 | 701-654 | Final | Pub | Brief - Final Comments | Final Comments of Interpipe and North American Interpipe | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 03/29/2021 3:02 PM | | No | E | 1 |
| 738201 | 701-654 | Final | Con | Brief - Final Comments | SSLP Final Comments (BNF) - 3-29-2021 | VALLOUREC STAR, LP | Elizabeth Drake | Schagrin Associates | 03/29/2021 3:09 PM | | No | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 738265 | 701-654 | Final | Con | Brief - Final Comments | BPI TMK Final Comments | TMK Group | Daniel Cannistra | Crowell & Moring | 03/29/2021 5:02 PM | | No | E | 1 |
| 738269 | 701-654 | Final | Pub | Brief - Final Comments | Public Version TMK Final Comments | TMK Group | Daniel Cannistra | Crowell & Moring | 03/29/2021 5:05 PM | | No | E | 1 |
| 738312 | 701-654 | Final | Pub | Brief - Final Comments | SSLP Final Comments (PV) - 3-30-2021 | Vallourec Star, LP | Elizabeth Drake | Schagrin Associates | 03/30/2021 10:13 AM | | No | E | 1 |
| 738322 | 701-654 | Final | Con | Brief - Final Comments | Revised Pages - United States Steel Corporation's Final Comments | United States Steel Corporation | Mary Jane Alves | Cassidy Levy Kent (USA) LLP | 03/30/2021 11:46 AM | | No | E | 1 |
| 738323 | 701-654 | Final | Pub | Brief - Final Comments | United States Steel Corporation's Final Comments | United States Steel Corporation | Mary Jane Alves | Cassidy Levy Kent (USA) LLP | 03/30/2021 11:56 AM | | No | E | 1 |
| 738511 | 701-654 | Final | Con | Memorandum | Revision Memo for Staff Report - INV-TT-048 | Office of Investigations | Nannette Christ | USITC | 04/01/2021 8:53 AM | 04/19/2021 | Yes | E | 1 |
| 738513 | 701-654 | Final | Con | Memorandum | Supplemental Memo for Staff Report - INV-TT-049 | Office of Investigations | Nannette Christ | USITC | 04/01/2021 8:54 AM | 04/19/2021 | Yes | E | 1 |
| 740270 | 701-654 | Final | Pub | Notice | Determination | Office of the Secretary | Lisa R. Barton | USITC | 04/19/2021 3:48 PM | | No | E | 1 |
| 740271 | 701-654 | Final | Pub | Correspondence - USITC | Transmittal Letter to Commerce and Labor | Office of Investigations | Junie Joseph | USITC | 04/19/2021 3:54 PM | | No | E | 2 |
| 740272 | 701-654 | Final | Con | Opinion, Commission | Opinion | Office of Investigations | Junie Joseph | USITC | 04/19/2021 3:56 PM | 04/19/2021 | Yes | E | 1 |
| 740274 | 701-654 | Final | Con | Memorandum | Supplemental Memo for Staff Report - INV-TT-050 | Office of Investigations | Nannette Christ | USITC | 04/19/2021 4:01 PM | 04/19/2021 | Yes | E | 1 |
| 740290 | 701-654 | Final | Pub | Consolidated Reports And Views | Consolidated Reports and Views - Czechia | Office of Investigations | Junie Joseph | USITC | 04/19/2021 4:53 PM | | No | E | 1 |
| 740757 | 701-654 | Final | Pub | Notice | F.R. Notice of Determination | Office of the Secretary | Lisa R. Barton | USITC | 04/23/2021 8:59 AM | | No | E | 1 |
| 740864 | 701-654 | Final | Pub | Publication - USITC | | Office of the Secretary | Lisa R. Barton | USITC | 04/26/2021 9:47 AM | | No | E | 1 |
| 741765 | 701-654 | Final | Pri | Action Jacket | | Office of Investigations | Nannette Christ | USITC | 05/06/2021 9:59 AM | | No | E | 1 |
| 741766 | 701-654 | Final | Pub | Voting Sheet | | Office of the Secretary | Lisa R. Barton | USITC | 05/06/2021 10:00 AM | | No | E | 1 |
| 746149 | 701-654 | Final | Pub | Protective Order Request Amendment | Seamless PWJ Removal 7-7-21 | Vallourec Star, LP | Luke Meisner | Schagrin Associates | 07/07/2021 12:13 PM | | No | E | 1 |
| 746162 | 701-654 | Final | Pub | Service List - APO | | Office of the Secretary | Lisa R. Barton | USITC | 07/07/2021 1:00 PM | | No | E | 1 |
| 746192 | 701-654 | Final | Pub | Notice | Scheduling of the Final Phase of the Anti-Dumping and Countervailing Duty Investigations | Office of the Secretary | Lisa R. Barton | USITC | 07/07/2021 3:40 PM | | No | E | 1 |
| 746360 | 701-654 | Final | Pub | Brief - Final Comments | Seamless Final Comments (PD) - 7-9-2021 | Vallourec Star, LP | Elizabeth J. Drake | Schagrin Associates | 07/09/2021 11:13 AM | | No | E | 1 |
| 746420 | 701-654 | Final | Pub | Brief - Final Comments | Supplemental Final Comments | TMK Group and Volzhsky Pipe Plant | Daniel Cannistra | Crowell & Moring | 07/09/2021 5:00 PM | | No | E | 1 |
| 747264 | 701-654 | Final | Pub | Notice | F.R. Notice of Scheduling of the Final Phase of the Anti-Dumping and Countervailing Duty Investigations | Office of the Secretary | Lisa R. Barton | USITC | 07/19/2021 4:26 PM | | No | E | 1 |

10 of 12

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|--------|---------|-------|-----|----------|----------------|--------------------|----------|-------------------|--------------|--------------------------|---------|---|------------|
| 747720 | 701-654 | Final | Con | Staff Report | | Office of Investigations | Nanette Christ | USITC | 07/23/2021 3:02 PM | 07/23/2021 | Yes | E | 1 |
| 748150 | 701-654 | Final | Pri | Action Jacket | | Office of Investigations | Nannette Christ | USITC | 07/28/2021 1:53 PM | | No | E | 1 |
| 748151 | 701-654 | Final | Pub | Voting Sheet | | Office of the Secretary | Lisa  R. Barton | USITC | 07/28/2021 1:55 PM | | No | E | 1 |
| 748372 | 701-654 | Final | Con | Staff Report | Revisions to the Staff Report INV-TT-092 | Office of Investigations | Nannette Christ | USITC | 07/30/2021 4:57 PM | 08/19/2021 | Yes | E | 1 |
| 748435 | 701-654 | Final | Pri | Memorandum | Legal Issues in Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Czechia, Korea, Russia, and Ukraine, Inv. Nos. 701-TA-654- 655 and 731-TA-1529-1535 (Final) | Office of the General Counsel | Dominic Bianchi | USITC | 08/02/2021 12:34 PM | | No | E | 1 |
| 748531 | 701-654 | Final | Pub | Voting Sheet | Commission Vote | Office of the Secretary | Lisa R. Barton | USITC | 08/03/2021 11:11 AM | | No | E | 1 |
| 749330 | 701-654 | Final | Pri | Memorandum | Legal Issues in Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Korea, Russia, and Ukraine, Inv. Nos. 701TA 654655 and 731TA15301532 (Final) | Office of the General Counsel | Dominic Bianchi | USITC | 08/11/2021 12:51 PM | | No | E | 1 |
| 749704 | 701-654 | Final | Pub | Consolidated Reports And Views | | Office of Investigations | Lawrence Jones | USITC | 08/16/2021 4:45 PM | | No | E | 1 |
| 749710 | 701-654 | Final | Pub | Correspondence - USITC | Chair's Notification Letter to Commerce of Determinations | Office of Investigations | Lawrence Jones | USITC | 08/16/2021 4:56 PM | | Yes | E | 1 |
| 749718 | 701-654 | Final | Pub | Notice | Determinations | Office of the Secretary | Lisa R. Barton | USITC | 08/16/2021 5:26 PM | | No | E | 1 |
| 749836 | 701-654 | Final | Con | Opinion, Commission | Views of the Commission-- Korea, Russia, and Ukraine (Trailing) | Office of Investigations | Lawrence Jones | USITC | 08/17/2021 5:00 PM | 08/19/2021 | Yes | E | 1 |
| 749942 | 701-654 | Final | Pub | Publication - USITC | | Office of the Secretary | Lisa R. Barton | USITC | 08/19/2021 10:22 AM | | No | E | 1 |
| 750281 | 701-654 | Final | Pub | Notice | F.R. Notice of Determinations | Office of the Secretary | Lisa R. Barton | USITC | 08/25/2021 3:02 PM | | No | E | 1 |
| 750656 | 701-654 | Final | Pri | Action Jacket | | Office of Investigations | Nannette Christ | USITC | 09/01/2021 7:34 AM | | No | E | 1 |
| 750657 | 701-654 | Final | Pub | Voting Sheet | | Office of the Secretary | Lisa R. Barton | USITC | 09/01/2021 7:36 AM | | No | E | 1 |
| 752306 | 701-654 | Final | Pub | Protective Order Request Amendment | APO Amendment | TMK Group | Daniel Cannistra | Crowell & Moring | 09/21/2021 3:31 PM | | No | E | 1 |
| 752614 | 701-654 | Final | Pub | Protective Order Request Amendment | ITC Amended APO | Vallourec Star, LP | Roger Schagrin | Schagrin Associates | 09/24/2021 2:28 PM | | No | E | 1 |
| 756309 | 701-654 | Final | Pub | Protective Order Request Amendment | APO Removal | United States Steel Corporation | Thomas Beline | Cassidy Levy Kent (USA) LLP | 11/10/2021 2:59 PM | | No | E | 1 |
| 760212 | 701-654 | Final | Pub | Protective Order Request Amendment | 701-654 Vallourec APO Amendment - JMN (PD) 1-11-22 | Vallourec Star, LP | Roger Schagrin | Schagrin Associates | 01/11/2022 12:19 PM | | No | E | 1 |

| Doc ID | Inv Num | Phase | Sec | Doc Type | Document Title | Filed On Behalf Of | Filed By | Firm/Organization | Sys Rec Date | APO Release Date - Title | APO Y/N | F | Attachment |
|--------|---------|-------|-----|----------|----------------|--------------------|----------|-------------------|--------------|--------------------------|---------|---|------------|
| 760800 | 701-654 | Final | Pub | Protective Order Request Amendment | Seamless ITC Inv. 701-654 GDP Removal 1-18-22 | Vallourec Star, LP | Roger Schagrin | Schagrin Associates | 01/18/2022 4:49 PM | | No | E | 1 |
| 763516 | 701-654 | Final | Pub | Protective Order Certification of Destruction | 701-654 - 2-18-22 Hogan Lovells ITC APO Destruction - Public | Interpipe and North American Interpipe | H. Deen Kaplan | Hogan Lovells US LLP | 02/18/2022 12:13 PM | | No | E | 1 |
| 764738 | 701-654 | Final | Pub | Protective Order Request Amendment | Amended Cover Letter & APO 3-7-22 | Vallourec Star, LP | Roger B. Schagrin | Schagrin Associates | 03/07/2022 4:25 PM | | No | E | 1 |