THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| PAO TMK,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant*,<br><br>and<br><br>UNITED STATES STEEL CORPORATION, AND VALLOUREC STAR, LP<br><br>    *Defendant-Intervenors*. | Court No. 21-00532 |

## {PROPOSED} ORDER

Upon consideration of Plaintiff's Rule 56.2 Motion for Judgment Upon the Agency Record, and all other pertinent papers, it is hereby:

ORDERED that Plaintiff's Motion is granted; and it is further

ORDERED that the final determination by the U.S. International Trade Commission in *Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Korea, Russia, and Ukraine*, Inv. Nos. 701-TA-654-655 and 731-TA-1529-1532 (Final), USITC Pub. No. 5222 (Aug. 2021) is remanded for the agency

to reconsider and revise its determinations with respect to negligibility of imports from the Russian Federation, consistent with the Court's opinion in this matter. Specifically, it is

   ORDERED that the Commission must calculate a reasonable estimate for all imports of merchandise corresponding to the domestic like product.  The Commission must select a methodology that reasonably captures imports by all importers, including those that have not submitted a questionnaire response.  In selecting the appropriate methodology, the Commission must apply a uniform standard for all exporting countries and clearly explain the standard in the remand redetermination.  On this issue, the Commission may reopen the record to obtain the updated Customs Net Import File (CNIF) data.

   ORDERED that the Commission must reconsider its calculation of in-scope imports from Germany and Mexico.  Based on the existing record, the Commission found that imports of out-of-scope merchandise reported by certain importers are grossed overestimated.  In the remand redetermination, the Commission must demonstrate why this evidence does not undermine the reliability of in-scope imports reported by the same importers in their questionnaire responses.  The Commission must also reconsider its finding that there was only one importer each for Germany and Mexico as the existing record does not support that finding.

3

ORDERED that the Commission must conduct its own analysis regarding whether a proprietary or foreign specification is out-of-scope merchandise.  In the remand redetermination, the Commission must support its finding with substantial evidence.

Dated: _____, 2023        _____
          New York, New York                Honorable M. Miller Baker, Judge