# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| PAO TMK,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant*,<br><br>and<br><br>UNITED STATES STEEL CORPORATION, AND VALLOUREC STAR, LP<br><br>    *Defendant-Intervenors*. | Court No. 21-532<br><br>***PUBLIC VERSION*** |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Dated: January 12, 2023

Daniel J. Cannistra
Pierce J. Lee

CROWELL & MORING LLP
11 Pennsylvania Avenue, N.W.
Washington, DC 24-2595
Tel: 202.624.2902

*Counsel to Plaintiff PAO TMK*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................ 1

    I.      The Court should instruct the Commission to apply a uniform methodology to calculate a reasonable estimate of subject imports by all importers including those that have not submitted a questionnaire response ............................................................... 1

    II.     The Court should instruct the Commission to reconsider its determinations with respect to Germany and Mexico as those determinations were unsupported by substantial evidence ............... 3

    III.    The Court should instruct the Commission to conduct its own analysis regarding whether a proprietary or foreign specification is out-of-scope merchandise ....................................... 5

CONCLUSION ........................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Nan Ya Plastics Corp., Ltd. v. United States*,
    128 F. Supp. 3d 1345 (Ct. Int'l Trade 2015) ...................................................................3

*Siemens Energy, Inc. v. United States*,
    806 F.3d 1367 (Fed. Cir. 2015) ........................................................................................3

**STATUTES**

19 U.S.C. § 1516a(b)(1)(B)(i) ..............................................................................................3

19 U.S.C. § 1673b(a)(1) .......................................................................................................1

19 U.S.C. § 1677(24)(A) ......................................................................................................1

5 U.S.C. § 706(2)(A) (2012) ................................................................................................ 2

Pursuant to the Court's order dated December 15, 2022 (ECF No. 63), Plaintiff PAO TMK hereby submits this supplemental brief in support of its Rule 56.2 motion for judgment on the agency record. As requested by the Court, Plaintiff submitted a proposed order identifying the issues it contends the Court should direct the Commission to address on remand. ECF No. 65. In this brief, Plaintiff addresses each of the issues identified in the proposed order.

## ARGUMENT

I. The Court should instruct the Commission to apply a uniform methodology to calculate a reasonable estimate of subject imports by all importers including those that have not submitted a questionnaire response

The statute is clear that the denominator for a negligibility analysis must be a reasonable estimate of all imports of merchandise corresponding to the domestic like product. 19 U.S.C. § 1677(24)(A)(i) defines negligible imports as "such imports account{ing} for less than 3 percent of the volume of all such merchandise imported into the United States." (emphasis added). To calculate the import volumes, the Commission may "make reasonable estimates on the basis of available statistics." *Id*. § 1677(24)(C). The statue also provides that the Commission's injury determination must be "based on the information available to it at the time of the determination." *Id*. § 1673b(a)(1). Therefore, the Commission's estimate of "all imports" must reasonably reflect imports by all

1

importers identified on the record including those that have not submitted a questionnaire response.

In the underlying investigation, the Commission failed to meet its statutory obligation to account for imports by all importers. For example, for Germany and Mexico, the Commission failed to account for imports by at least [   ] importers identified in the official import statistics.[1] The Commission also failed to apply a uniform standard to select a methodology that reflects imports by all importers. For example, the Commission relied entirely on [          ] in-scope imports for Germany and [          ] in-scope imports for Mexico while relying on the official trade statistics for other countries. Appx2153. In doing so, the Commission accepted the in-scope imports reported by [          ] and [          ] even though their reported total imports exceeded the official import statistics while rejecting the in-scope imports reported by [          ] for the same reason. Appx1421, Appx1487, and Appx2153. Where an agency's methodology is reviewed for its accordance with the law, "{the} decision will be set aside if it is arbitrary and capricious." Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (2012) (directing

---

[1] *See* Pl. Br. at 15, 17, Exhibits 1-4. Appx0002134 references CNIF Import Statistics provided by CBP to the Commission (Appx0052766). These data were released to the parties in a string PDF document. Plaintiffs have arranged the data contained in this 2580-page PDF document to allow for meaningful analysis. The output of that data arrangement is provided in Exhibits 1-5 of Plaintiff's opening brief.

that the Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").

II. The Court should instruct the Commission to reconsider its determinations with respect to Germany and Mexico as those determinations were unsupported by substantial evidence

In the remand instructions, the Court should also address the Commission's specific determinations with respect Germany and Mexico because those determinations were unsupported by substantial evidence. An agency's finding must be supported by substantial evidence. *See* 19 U.S.C. § 1516a(b)(1)(B)(i). Support by substantial evidence must be determined on the entirety of the record, including "the evidence that detracts from the agency's conclusion"[2] and "evidence from which conflicting inferences could be drawn."[3]

For Germany, the Commission relied entirely on the in-scope imports reported by [          ]. Appx2153. However, the Commission determined that both "[                    ], combined, report{ed} a substantially greater volume of in-scope product and out-of-scope product purportedly imported under

---

[2] *See Siemens Energy, Inc. v. United States,* 806 F.3d 1367, 1369 (Fed. Cir. 2015) (citing (citing *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951))
[3] *See Nan Ya Plastics Corp., Ltd. v. United States*, 128 F. Supp. 3d 1345, 1355 (Ct. Int'l Trade 2015) (citing *Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F.3d 978, 985 (Fed. Cir. 1994))

3

the primary HTS statistical reporting numbers during the negligibility period than is observed in the official import statistics." Appx1486. This evidence calls into question the reliability of [         ] entire questionnaire responses including its reported in-scope imports from Germany. Also, the Commission's finding that [         ] did not import any in-scope merchandise was unsupported by substantial evidence. The existing record includes contradicting evidence including bill of lading data, approved Section 232 exclusions, and CNIF import data demonstrating that [         ] paid antidumping duties on in-scope products. Appx493, Appx49303, Appx49311-49313, Appx49357-49372, Appx52766; *see also* Pl. Br. at 29-31 and Exhibit 5. Moreover, the CNIF data demonstrated that there were at least [    ] other importers of in-scope merchandise from Germany.[4]

Likewise, the Commission's determination with respect to Mexico was unsupported by substantial evidence. For Mexico, the Commission relied entirely on the in-scope imports reported by [         ]. Appx2153. However, [         ] reported total imports (i.e., sum of in-scope imports and out-of-scope imports) exceeded the official CNIF import statistics. Appx1421-1422. Moreover, the CNIF data demonstrated that were at least [  ] other importers of in-scope merchandise from Mexico.[5]

---

[4] *See* Pl. Br. at 16 (footnote 2), 17, and Exhibit 2.
[5] *See* Pl. Br. at 16 (footnote 2), 17, and Exhibit 4.

4

III. The Court should instruct the Commission to conduct its own analysis regarding whether a proprietary or foreign specification is out-of-scope merchandise

In the underlying investigation, the Commission defined "a single domestic like product coextensive with the scope of these investigations." Appx1474. Accordingly, negligibility was "calculated using imports {…} that correspond to Commerce's scope of investigations." Appx1484. However, the Commission failed to conduct its own analysis regarding whether certain proprietary and foreign specifications are outside the scope. Instead, the Commission relied on each importer's "certified" claims. Appx1485. This was unlawful because the statute requires the Commission conduct its own analysis to *identify* domestic like product. *See* 19 U.S.C. § 1677(24)(A) (for a negligibility analysis, the Commission must examine "imports from a country of merchandise corresponding to a domestic like product identified by the Commission."). Therefore, the Commission failed to fulfil its statutory obligation to define the domestic like product.

The scope of the investigation covers pipes manufactured to certain ASTM and API specifications, and "comparable specifications." Appx1047-1048. During the investigation, three companies – [                    ] – excluded a significant volume of merchandise based on their claim that those products were manufactured to proprietary and foreign specifications. Appx1465,

5

Appx1463, and Appx1462. However, the Commission did not determine whether those specifications are "comparable" to an in-scope ASTM or API specification. Instead, the Commission simply accepted each importer's claim noting that there is "insufficient information" about the specifications. *See id.*

[      ] excluded [ ] proprietary specifications – ([

]). Appx1465. For those specifications, [      ] only provided information about outside diameter and wall thickness. Appx52184. The outside diameter confirmed that all of those products conform to the dimensional requirements of the scope. *See id.* The wall thickness is irrelevant for scope determination. Appx1047-1048. While [ ] provided the HTS codes for all of its excluded products, they were not separated for each specification. Appx52184.

[       ] excluded [                    ] and [
.             ]. Appx1463. The record does not have any information about those specifications including their names. *See id.* [       ] email correspondence with the Commission refers to a website link and "virtual brochure" which are not part of the record. Appx52723. Moreover, based on [
         ] email, even those online materials do not confirm that the specifications are comparable to out-of-scope ASTM and API specifications. *See*

6

*id.* [    ] also provided the HTS codes for all of its excluded products, but they were not separated for each specification. Appx52721-2.

[         ] excluded [  ] specification ([            ]) without providing any information about the specification. Appx1462. [         ] indicated that products manufactured to this specification were imported under HTS [         ] which is specifically listed in the scope as the classification under which the subject merchandise is currently imported. Appx52112 and Appx1047-1048. The products also have an outside diameter conforming to the dimensional requirements of the scope. Appx52112.

For each of the above-mentioned specifications, the Court should instruct the Commission to conduct its own analysis to determine whether they are in fact out-of-scope merchandise. The Court should also instruct the Commission to support its finding with substantial evidence.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court remand the Commission's negligibility determination with respect to Russia with instructions described in the proposed order accompanied by this brief.

|  |  |
|---|---|
| | Respectfully submitted, |
| | *[signature]* |
| Dated: January 12, 2023 | Daniel J. Cannistra <br> Pierce J. Lee |
| | CROWELL & MORING LLP <br> 11 Pennsylvania Avenue, N.W. <br> Washington, DC  24-2595 <br> Tel: 202.624.2902 <br> E-mail: DCannistra@crowell.com |
| | *Counsel to Plaintiff PAO TMK* |

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Rules of this Court and the Court's order dated December 15, 2022 (ECF No. 63) in that it contains 1,436 words, including text, footnotes, headings, and exhibits and excluding the table of contents, table of authorities, and counsel's signature block.

Daniel Cannistra