# THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| PAO TMK,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant,*<br><br>and<br><br>UNITED STATES STEEL CORPORATION, AND VALLOUREC STAR, LP<br><br>    *Defendant-Intervenors.* | Court No. 21-00532<br><br>Public Version |

PLAINTIFF PAO TMK'S
<u>COMMENTS ON REMAND REDETERMINATION</u>
(Corrected Version)

Daniel Cannistra

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel: 202.624.2902
E-mail: DCannistra@crowell.com

*Counsel for Plaintiff PAO TMK*

April 12, 2024

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1
SUMMARY OF ARGUMENT ............................................................................... 1
ARGUMENT ........................................................................................................... 2
   I.   The Commission Failed to Reopen Record ................................................. 2
   II.  The ITC's Finding That [     ] is the Only Importer from Germany Continues to be Unsupported by Substantial Evidence ................ 4
   III. The ITC's Finding That [     ] is the Only Importer from Mexico Continues to be Unsupported by Substantial Evidence ............................... 7
CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ad Hoc Shrimp Trade Action Comm. v. United States*,
    70 F. Supp. 3d 1328 (CIT 2015) ................................................................................5

*Atlantic Sugar, Ltd. v. United States*,
    744 F.2d 1556 (Fed. Cir. 1984) .................................................................................4

*Essar Steel Ltd. v. United States*,
    678 F.3d 1268, 1278 (Fed. Cir. 2012) .......................................................................2

*Huaiyin Foreign Trade Corp. v. United States*,
    322 F.3d 1369 (Fed. Cir. 2003) .................................................................................4

*New American Keg v. United States*,
    Slip Op. 24-11 (CIT 2024) ........................................................................................2

*Shandong Rongxin Imp. & Exp. Co. v. United States*,
    203 F. Supp. 3d 1327 (CIT 2017) .............................................................................4

**Statutes**

19 U.S.C. § 1516a(a)(2) ....................................................................................................2

19 U.S.C. § 1516a(b)(1)(B)(i) ...........................................................................................2

**Other Authorities**

USITC Pub. No. 5183 (April 2021) ..................................................................................1

USITC Pub. No. 5222 (August 2021) ............................................................................1, 3

PUBLIC VERSION

# INTRODUCTION

On behalf of PAO TMK ("TMK"), we hereby submit comments regarding the U.S. International Trade Commission's (the "Commission's" or the "ITC's") Views of the Commission on Remand dated February 9, 2024 (ECF 82; Appx0060063-0060074), concerning the Court of International Trade's (the "Court's" or the "CIT's") remand decision in *PAO TMK v. United States*, Slip Op. 23-150 (Ct. Int'l Trade, Oct. 12, 2023) ("Remand Decision").

# SUMMARY OF ARGUMENT

The CIT remanded the Commission's final determinations in *Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe From Czechia, Korea, Russia, and Ukraine*[1], with respect to the negligibility of imports from Russia. Specifically, the CIT instructed the Commission to reconsider its calculation of in-scope imports from Germany and Mexico by addressing: (1) the Customs data for Germany and Mexico in light of the Commission's determination that only [    ] imported in-scope imports from Germany and only [     ] imported

---

[1] *Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Czech Republic (Czechia)*, Inv. No. 731-TA-1529 (Final), USITC Pub. No. 5183 (April 2021); *Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from Korea, Russia, and Ukraine*, Inv. Nos. 701-TA-654-655 and 731-TA-1530-1532 (Final), USITC Pub. No. 5222 (August 2021).

1

in-scope imports from Mexico, and (2) evidence proffered by TMK that claims [      ] imported in-scope imports from Germany, contrary to the Commission's decision that [       ] was the only importer of in-scope imports from Germany.

The ITC's remand determination should be returned to the ITC with instructions to revise its determination. Upon remand, the ITC did not reopen the record to resolve the factual issues underpinning the original appeal. Instead, the ITC relied upon the same datasets it relied upon in the underlying proceeding. In addition, the ITC relied upon the same reasoning it relied upon in the underlying proceeding. Like the original determination, the remand determination relying on the same facts and same reasoning must likewise be found to be unlawful and returned to the ITC.

## ARGUMENT

### I. The Commission Failed to Reopen Record

At the inception of its remand proceeding, the ITC declined to reopen the record. Appx0060003. In 19 U.S.C. § 1516a(a)(2) actions such as this, "{t}he court shall hold unlawful any determination, finding, or conclusion found ... to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."

2

19 U.S.C. § 1516a(b)(1)(B)(i). That is, the question is not whether the court would have reached the same decision on the same record—rather, it is whether the administrative record, taken as a whole, permits the agency's conclusion.

While this Court has noted that "{c}onstant reopening and supplementation of the record would lead to inefficiency and delay in finality," supplementation is permissible in "a small number of" circumstances.[2] One such circumstance is "when the underlying agency decision was based on 'inaccurate data' .... "[3] The inaccurate data exception is applicable in this matter.

As noted by the Court, the record evidence in this case conflicted with the ITC's finding of a single importer from Mexico and Germany. Rather than reopening the record to resolve those conflicts, the ITC chose to leave those factual conflicts unresolved. For example, the ITC acknowledges that the CBP data on the record only covers a portion of the negligibility period. Appx0060108. Rather that soliciting the missing data from CBP, the ITC simply left the record incomplete.

---

[2] *New American Keg v. United States*, Slip Op. 24-11 (Ct. Int'l Trade, 2024), at 5 (citing *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1278 (Fed. Cir. 2012)).

[3] *Id*.

3

Likewise, rather than soliciting information on the bills of lading indicating subject imports from [     ], the ITC left the gaps in the record unfilled. The ITC also chose to ignore the 232 requests filed by [     ] and related to subject imports unresolved. Finally, the ITC left open the issue of imports by [     ] under an antidumping case with nearly an identical scope. In each of these cases, a simply inquiry to CBP would have resolved the factual issues regarding [     ] imports. Instead, the ITC decided to remain willfully blind to the underlying facts.

## II. The ITC's Finding That [   ] is the Only Importer from Germany Continues to be Unsupported by Substantial Evidence

To comply with the Court's instructions, the Commission must rely on unadjusted official import statistics to determine in-scope imports from Germany. During the underlying investigation, the Commission relied only on [     ] initial questionnaire response to determine in-scope imports from Germany. However, as the Court properly noted in the Remand Decision, the proprietary U.S. Customs and Border Protection ("CBP") data released by the Commission

demonstrates that companies other than [      ] imported in-scope imports from Germany. *See* Remand Decision, at 8. Moreover, [      ] initial importer questionnaire response conflicts with official statistics, just like its revised response.

In the underlying proceeding, the ITC rejected [      ] revised response because it conflicted with official statistics. Appx0001486. [      ] initial response has the same problem as the revised response – it conflicts with official statistics. Specifically, the combined in-scope and out-of-scope imports from Germany reported in [      ] and [      ] initial responses exceed the total amount stated in official statistics. Appx0060089; Appx0056430-0056616; Appx0033741-0033805; Appx0033427-0033427. "{A}n agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently." *Shandong Rongxin Imp. & Exp. Co. v. United States*, 203 F. Supp. 3d 1327, 1337 (CIT 2017) (quoting *Jiangsu Jiasheng Photovoltaic Tech. Co. v. United States*, 28 F. Supp. 3d 1317, 1323 (CIT 2014)).

In the underlying investigation, the Commission derived its calculation of German imports based exclusively on [      ] initial

5

importer questionnaire response. The Commission's remand determination that there was one importer of SSLP from Germany remains unsupported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Huaiyin Foreign Trade Corp. v. United States*, 322 F.3d 1369, 1374 (Fed. Cir. 2003). Substantial evidence must be measured by a review of the record as a whole, "taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984).

As evidenced in the CBP data, there were [ ] other importers of German pipe in the applicable Harmonized Tariff Schedule ("HTS") categories. Appx0060090; Appx0060090-0060098; Appx0052766-0055345. The volume associated with these importers were not captured in the Commission's negligibility analysis. Therefore, the Commission's determination that [      ] is the only importer of German SSLP is contradicted by the CBP data and demonstrably incorrect. The ITC's reasoning in its remand determination is indistinguishable from its original determination that was found to be

6

unlawful. As such, the remand determination must be similar rejected as unlawful.

The Commission and the Petitioners did not dispute that the agency ignored the CBP data contradicting the agency's determination that [     ] was the only importer of SSLP from Germany. *See* Remand Decision, at 8. "{A}n agency acts arbitrarily, and therefore unreasonably, when it . . . 'offers an explanation for its decision that runs counter to the evidence before it.'" *Ad Hoc Shrimp Trade Action Comm. v. United States*, 70 F. Supp. 3d 1328, 1335 (CIT 2015) (citing *Motor Vehicle Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 23, 29, 43 (1983)). Therefore, in the remand proceeding, the Commission must reflect imports from Germany made by companies other than [     ]

### III. The ITC's Finding That [     ] is the Only Importer from Mexico Continues to be Unsupported by Substantial Evidence

As noted by the Court, the CBP data demonstrates that companies other than [     ] imported in-scope imports from Mexico. *See* Remand Decision, at 8. Since those companies did not submit any importer response, the only way for the Commission to reflect their

7

import volumes is to begin its analysis with the official statistics and subtract out-of-scope import volumes on the record. The only company that reported out-of-scope imports from Mexico is [          ]. Appx0002133. Therefore, the Commission should have subtracted [

     ] out-of-scope imports from the official statistics for imports from Mexico to determine the total volume of in-scope imports from Mexico.

In the underlying investigation, the Commission derived its calculation of Mexico imports based exclusively on [       ] importer questionnaire response.[4] The Commission's determination that there was one importer of SSLP from Mexico is not supported by substantial evidence. Nevertheless, in its remand determination the ITC continues to find that [      ] is the only importer from Mexico and essentially adopted a "good enough" standard. Appx0060132. The ITC made no meaningful effort to remedy the finding that was deemed unsupported by substantial evidence in the original appeal. Therefore, this Court should find that the ITC continued reliance on the same data and the same reasoning as unsupported by substantial evidence.

---

[4] Staff Report (Final) (Jul. 23, 2021) (Confidential Administrative Record 195; Doc. No. 747720). Appx0002123-0002150.

8

As evidenced in the proprietary CBP data, there were [   ] other importers of Mexican pipe in the applicable HTS categories. Appx0060093; Appx0060090-0060098; Appx0052766-0055345. These importers accounted for [     ] metric tons in 2019 alone. *Id.* These importers continue to not be captured in the Commission's negligibility analysis. Therefore, the Commission's determination that [        ] is the only importer of Mexican SSLP is contradicted by CBP data and demonstrably incorrect.

This Court held that the ITC must address the CBP data demonstrating that there are other importers of seamless pipe from Mexico. The ITC did not meaningful address this issue. Therefore, the matter should be remanded back to the ITC to comply with the initial order.

## CONCLUSION

For these reasons, TMK respectfully requests that this Court remand the Commission's determination and instruct the ITC to comply with its original order in this proceeding.

9

Respectfully submitted,

*[signature]*

_____

Daniel Cannistra, Esq.
**Crowell & Moring, LLP**
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004

*Counsel to PAO TMK*

CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 1,600 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word used to prepare this brief.

Respectfully submitted,

*/s/ Daniel Cannistra*

Daniel Cannistra, Esq.
**Crowell & Moring, LLP**
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004

*Counsel for Plaintiff PAO TMK*